# DANIEL OGLESBY

*v.*

## EDWIN PEARCE.

1. WRIT OF POSSESSION—*how obtained.* The practice in this State, where the decree orders the defendant in a chancery suit, on the execution of a deed by the master in chancery, to surrender possession, is, to serve a copy of the decree on the defendant in possession, or if others are in under him as purchasers, tenants, or otherwise, then upon them, and on the possession being refused, the court, upon affidavit of the facts, will award a writ of possession.

2. But where the decree of sale fails to order the surrender of possession, and the person in possession refuses to give it up, the court will, on proper notice and motion, make such an order, and upon like service of a copy, and demand of possession, will, on motion, without notice, order the party to deliver possession, and then on affidavit of the service of the order, and a refusal to obey it, a writ of assistance directed to the sheriff to put the purchaser into possession, issues, of course, on motion, without notice.

3. SAME—*petition for, and parties to.* A petition for a writ of possession which fails to show that the defendants against whom the proceeding is brought, are in possession of the land, is fatally defective. If persons are in possession as the tenants of the defendant in the original decree, or otherwise, that fact should be set forth in the petition, and they be made parties, and served with notice, and, if the facts warrant it, an order should be made upon them for possession, and on a failure to comply with it, the writ should be awarded against them and the original defendant.

APPEAL from the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

Messrs. STOKER & PATE, for the appellant.

Mr. J. M. DURHAM, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In this case appellee filed a petition in the Washington circuit court, for a writ of assistance to put him in possession of several lots in the town of Ashley. It is stated in the petition, that appellee filed a bill in chancery against William Renfrow, Elizabeth Renfrow and Edward C. Dugger, in that court; that decrees were rendered ordering the sale of the lots; that he became the purchaser at the master's sale; that the redemption had expired; he had obtained a master's deed and was entitled to possession. The petition alleges that one Daniel Oglesby claimed to have purchased the property of one Vance, who had purchased it of Dugger whilst the suit was pending; that Elizabeth Renfrow was in possession when the suit was brought. And appellee prayed a writ of assistance, and that he be put into possession of the lots.

Notice of the filing of the petition was served, and appellant appeared and answered, and affidavits were filed, but the answer was subsequently withdrawn, and the petition taken as confessed, and the writ of assistance was awarded, and from that order Oglesby appeals. The errors assigned on the record are, that the court erred in awarding the writ when the record and petition showed no service of a copy of the

decree accompanied with a demand of possession, and in awarding the writ against appellant alone, when there were other defendants to the proceedings.

The court below failed to observe the long and well established rules of practice in courts of chancery in awarding the writ of possession. The practice in this State, conforming to the general chancery practice, is, where the decree orders the defendant, on the execution of the deed by the master in chancery, to surrender the possession to the purchaser, to serve a copy of the decree on the defendant in possession, or, if others are in under him as purchasers, tenants, or otherwise, then upon them, and on possession being refused, the court will, on filing an affidavit of the facts, award a writ of possession. But where the original decree ordering the sale fails to order possession to be thus surrendered, and the person in possession refuses to surrender it, the court will, on proper notice and motion, make such an order, and upon like service of a copy, and demand of possession, will, on motion, and without notice, order an injunction against the party to deliver possession, and then, on affidavit of the service of the injunction, and a refusal to deliver possession, a writ of assistance directed to the sheriff to put the purchaser into possession issues, of course, on motion and without notice. See *Aldrich* v. *Sharp*, 3 Scam. 361; *Bennett* v. *Matson*, 41 Ill. 332; *Jackson* v. *Warren*, 32 Ill. 331; *Lloyd* v. *Kames*, 45 Ill. 62; *Holt* v. *Reese*, 46 Ill. 181; *Bruce* v. *Roney*, 18 Ill. 67; Hill's Chy. Prac. 509. These cases illustrate the practice in our courts.

The original decree failing to require the defendant to surrender possession, it was error to award a writ of assistance before first having made an order that the defendants, or those holding under them, should surrender possession, a copy of which, we have seen, should have been served and a refusal made, before the writ could be regularly awarded.

The other assignment of error is based upon the action of the court in not rendering a decree against the persons named

in the prayer of the petition. Whether they were proper parties or not, does not appear from the petition, or even that appellant was in possession, or that appellee was not in possession. It is only alleged that appellant claimed the premises. In this the petition was fatally defective. Nor does it appear that the other persons named in the prayer, and against whom a writ of possession is asked, are in possession, or are in the slightest degree connected with the premises or its possession. If they were in the actual possession as tenants of appellant, or otherwise, that fact should have been set forth in the petition, and they made parties and served with notice, and, if warranted by the facts, the order should have been made upon them and appellant to surrender the possession, and on a failure to comply with the order, the writ should be awarded against them and appellant.

If they were in as tenants of appellant, he had no power to forcibly dispossess them, nor could he maintain an action against them to recover possession, but when the writ is against them, no trouble would be found in delivering possession. But suppose they are in, but not under any person connected with the defendants to the former suit, they should be made parties, and have notice, that they might be heard in defense of their possession. And it is clear that had they entered after the writ had issued, they would not be. But where they enter before the writ is issued, all persons in possession should be notified of the application, and a demand should be made of them before the writ issues. The facts set forth in the petition did not warrant the rendition of the order, and it must be reversed, and the cause remanded.

*Decree reversed.*