## Henry O'Brian *et al.*

*v.*

## Abraham B. Fry.

82    87|
64a 259|
82    87
199   ³380

1. Foreclosure—*of the decree providing for possession.* It is competent and regular, in a decree for the foreclosure of a mortgage by a sale of the mortgaged premises, to order that the mortgagor shall surrender possession to the purchaser after the expiration of the time for redemption, and upon the making of a deed to him.

2. Same—*of the right to writ for possession.* Where an order for possession, to be delivered to the purchaser after he receives his deed, is contained in a decree of foreclosure, the grantee of the master, upon affidavit showing service of a copy of the decree upon the mortgagor in possession, and a demand for possession and a refusal, will be entitled to a writ of possession.

3. But, if the original decree contains no such order, the court, on notice to the mortgagor in possession, and on motion, after the execution of the master's deed, will order a surrender of possession to the purchaser, and, on proof of the service of a copy of such order, and of a demand for possession and refusal, an injunction will issue enjoining a compliance with the order, and, on refusal to obey, a writ of assistance will, on motion, be issued to the sheriff.

4. Same—*decree for possession before sale.* A decree of foreclosure, requiring the mortgagor, in default of payment of the sum found due, to surrender the immediate possession of the mortgaged premises to the complainant before sale, is erroneous but not void, and such order is not an order requiring possession to be delivered to the purchaser, and is spent when a sale is made.

5. Where the original decree contains no order for the surrender of possession to the purchaser after the making of a deed to him, no writ of assistance or possession can be ordered until an order for possession has been obtained, on notice to the party in possession, and service of such order, with a demand for possession and a refusal.

Appeal from the Circuit Court of Jefferson county; the Hon. Tazewell B. Tanner, Judge, presiding.

The record shows that, at the March term, 1872, a decree in chancery was rendered in the circuit court, in a proceeding to foreclose a mortgage, wherein Fry was complainant and O'Brian and his wife were defendants, by which decree it was "adjudged and decreed that defendants pay, in thirty days, $556.33, and that, in case the defendants should make default in the payment of the said money, then, and in that event, the said defendants are hereby required to surrender immediate possession of the said mortgaged premises to the complainant." The decree further provided, that a commissioner (named) should proceed to sell the mortgaged premises (directing, in detail, the mode of sale), and that, in default of redemption, the commissioner should convey the premises to the purchaser. It was further ordered, that the commissioner should report his proceedings at the next term, and that the cause stand continued for report.

At the June term, 1873, the commissioner submitted· his report, which, upon examination, was approved. The report stated, that on the 15th day of June, 1872, he had, in pursuance of the decree, sold the mortgaged premises to the complainant, and it was thereupon "ordered by the court that this cause go off the docket."

On the 16th day of July, 1875, the commissioner made a deed, in pursuance of that sale, by which he conveyed the premises to Fry.

At the February term, 1866, Fry filed, in writing, his "application and motion for a writ of possession," in which he stated, the rendering of the original decree, the making of the commissioner's sale in default of payment, the failure to redeem, and that Fry took a deed therefor from the commissioner and is now entitled to possession, and that O'Brian and wife are still in possession, "and refuse, on request and demand, to surrender the same to Fry;" that copies of the decree and report of sale, and notice of this application, were served upon O'Brian and his wife on the 22d day of January, 1876, and in which Fry prayed that, on hearing of this motion, the court would "grant and order that a writ of possession issue," and that

the defendants be immediately dispossessed and the possession be at once surrendered and delivered to the petitioner.

On the hearing of this application, at that term, the facts above stated were proven, and the court overruled the exceptions of defendants to the same, and "adjudged that said motion be allowed, and that a writ of restitution be awarded to said plaintiff; that defendants are required to surrender possession of the mortgaged premises," (describing them.)

From this order O'Brian and his wife bring this appeal.

Mr. T. S. CASEY, and Mr. C. H. UPTON, for the appellants.

Messrs. W. & E. L. STOKER, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

In a proceeding in chancery to foreclose a mortgage by sale of the mortgaged premises, it is competent and regular for the court, in the original decree fixing the amount of the mortgage debt, and ordering a sale, to make an order that the mortgagor shall surrender to the purchaser the premises sold, after the expiration of the time allowed by law for redemption, and upon the making of the master's deed. Where such order is contained in the original decree, the purchaser may have an order for a writ of possession, or, as it is called, a writ of assistance, commanding the sheriff to put him in possession.

To procure an order for such writ, the purchaser must show to the court, upon affidavit, that, after receiving his master's deed, he has caused a copy of the original decree to be served upon the mortgagor in possession, and has demanded the possession under his deed, and that possession has been refused.

Where the original decree contains no such order, the court, on notice to the mortgagor in possession, and on motion made after the making of the master's deed, will order that the mortgagor surrender the possession to the purchaser.

On proof by affidavit of the service of a copy of this order, and of demand made for possession under the order, and of a refusal to surrender the possession, an injunction issues enjoin-

ing a compliance with this order; and upon the service of this injunction, on motion, a writ of assistance will be ordered to issue to the sheriff.

In this case no order is contained in the original decree requiring possession to be surrendered to the purchaser, on the making of the master's deed.

The decree, after fixing the amount of the mortgage debt, gives a time for payment, and orders that, in default of payment, the possession shall immediately be surrendered to the *complainant*, and then the decree proceeds further, and orders the master's sale, but the decree makes no provision for the delivery of the possession to the *purchaser*, by the mortgagor or mortgagee. The rights of the petitioner in this case rest upon his character as *purchaser* at the sale, and he has, as such, no rights other than a stranger would have, as such purchaser.

It is not to be supposed that, at the sale, the complainant, if he became a purchaser, would have any rights save those which any other purchaser would acquire.

The order for an immediate surrender of possession to the complainant, contained in the decree for a sale, though erroneous, was not void. It applied, however, only to the possession for the time intervening between the decree and the sale. When that time lapsed without the execution of the decree, it had spent its force.

The mortgagor had the right to the use and possession of the property from the date of the sale until the making of the master's deed after the time for the redemption from the sale had elapsed. Petitioner's rights as mortgagee were gone, for the mortgage debt was satisfied by the sale.

The original decree having made no provision for putting the purchaser in possession on the making of the master's deed, no writ of possession or writ of assistance could regularly be ordered to issue until an order for possession had been procured, on notice, and a demand for possession under the order, accompanied with a copy of such order, had been made and possession refused. The steps necessary in such case are

explained in the opinion of this court in the case of *Oglesby* v. *Pearce*, 68 Ill. 222, and need not be repeated here. The proofs in this case show no demand for possession, and no refusal to surrender possession. Each of the three essential preliminaries to an order for a writ of assistance, is wanting. There is no previous order that defendants surrender possession to the purchaser. There is no demand of possession, and no refusal to surrender the possession.

The final order in this case is reversed.

*Decree reversed.*