## Ellen Higgins and Daniel Higgins v. Andrew Peterson.

1. WRIT OF ASSISTANCE—*When to be Issued.*—Under a decree of foreclosure providing that upon the execution and delivery of the deed by the master the grantee or grantees, his or their heirs or assigns, be let into possession of the premises, and that any of the parties who may be in possession and any person who since the commencement of the suit shall have come into possession under them, or either of them, on the service of a copy of the master's deed, shall surrender possession thereof,

Higgins v. Peterson.

and in default of so doing a writ of assistance may issue upon a showing of the conditions provided in the decree, the parties are, upon notice, entitled to the writ.

2. PARTIES—*Bound to Take Notice.*—Parties to a foreclosure suit are bound to take notice of all that is done therein.

3. OBITER DICTUM—*Not the Law of the Case.*—What is said in a case must be taken with reference to the matters concerning which the opinion is written. It is not what the court by way of illustration or explanation may say in its opinion that constitutes the law of the case, but that which is necessarily decided by the judgment.

**Petition for a Writ of Assistance.**—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed May 14, 1896.

## STATEMENT OF THE CASE.

This is an appeal from a decree of the Circuit Court of Cook County granting a writ of assistance. Andrew Peterson and George P. Bay obtained a decree of foreclosure on a trust deed executed by appellants. Andrew Peterson became the purchaser at the master's sale, and no redemption being had, obtained a master's deed to the premises described in the trust deed, and afterward a writ of assistance was issued to put him in possession of the premises described in said trust deed.

The only error assigned is the issuance of the writ of assistance by the Circuit Court; in support of this assignment of error the two considerations urged are :

First. It was error to award a writ of assistance for the reason that a copy of the decree of sale was not served upon the defendants, or either of them.

Second. It was error to award a writ of assistance against the appellant, Ellen Higgins, for the reason that there was no personal service on her of the notice of application for such a writ, and no service on her of a copy of the decree, either personally or otherwise.

P. O'NEIL BYRNE, attorney for appellants.

JOHNSON & McDANNOLD, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellants, being parties to the foreclosure suit, were bound to take notice of all done therein. It was therefore unnecessary to serve them with a copy of the decree. The decree in this cause contains the following :

" And it is further ordered, adjudged and decreed that upon the execution and delivery of the deed or deeds as aforesaid, the grantee or grantees, his or their heirs or assigns, be let into possession of the portion of said premises so conveyed, and that any of the parties to this cause who may be in possession of said premises or any part thereof, and any person who, since the commencement of this suit, shall have come into possession under them, or either of them, on the service of a copy of said master's deed, surrender possession thereof to such grantee or grantees, his or their heirs or assigns; and, in default of so doing, that a writ of assistance may issue in accordance with the practice of this court."

The petition of Andrew Peterson, one of the complainants herein, sets up that on November 26, 1892, a decree of sale of the premises in controversy was entered, and on December 28, 1892, a certificate of sale was issued to the petitioner by the master in chancery, and that on March 31, 1894, a deed of conveyance by said master, of said premises, was delivered to the petitioner and duly recorded; that said deed was exhibited to said Ellen Higgins a short time after recording of same, and a copy of said deed heretofore served on both of said defendants; that defendants are in possession of the premises and refuse to surrender the same; and prays for a writ of assistance to put petitioner in possession of the said premises.

The record shows that Ellen Higgins had notice of such petition and appeared and resisted the issuance of the writ of assistance.

Upon such showing, in accordance with the decree, appellee was, upon notice, entitled to a writ of assistance. Kershaw v. Thompson et al., 4 Johnson Ch. 609; Oglesby

v. Pearce, 68 Ill. 220; Harding v. LeMoyne et al., 114 Ill. 65–76; Ency. of Pl. & Pr., Vol. 2, p. 982.

In Oglesby v. Pearce, *supra*, as well as in O'Brien v. Fry, 82 Ill. 87, the original decree did not require the defendants to surrender the possession or provide for putting the holder of the master's deed in possession. What is said in those, as in all other cases, must be taken with reference to the matters concerning which the opinions were written.

It is not what the court, by way of illustration or explanation, may say in its opinion, that constitutes the law of the case, but that which is necessarily decided by the judgment.

The order of the Circuit Court is affirmed.