Franciszka Bobowski, Defendant in Error, *vs.* Stanis-
lau Bobowski, Plaintiff in Error.

*Opinion filed December 22, 1909.*

1. Divorce—*what recitals in decree of divorce for cruelty will
sustain it on appeal.* Recitals in a.divorce decree that the defend-
ant, in a specified year, without cause struck the complainant with
his fist; that on a specified later date, without just cause, he as-
saulted the complainant and willfully struck her violent blows, and
that on divers other occasions (no dates being specified) he was
guilty of extreme cruelty by assaulting complainant and doing her
personal violence, are sufficient to sustain the decree on appeal.

2. Same—*court may grant alimony in gross sum.* Under sec-
tion 18 of the Divorce act the court may make such order touch-
ing alimony as from the circumstances of the parties and the
nature of the case shall be reasonable and just, and hence, if the
justice of the case requires it, a gross sum may be decreed in sat-
isfaction of alimony and a portion of the husband's real estate
may be decreed to the wife.

3. Same—*court may make orders for enforcement of alimony
decree at subsequent term.* In a divorce case the court has power
and jurisdiction, at a term subsequent to the one at which the de-
cree for divorce and alimony was entered, to alter or modify the
decree for alimony and to make orders to enforce payment.

4. Same—*when wife is entitled to right of homestead.* Where
the wife and children are living in the lower story of the home-
stead property, separate and apart from the husband, without the
fault of the wife, the right of homestead is in her though the hus-
band occupies the upper story.

5. Same—*in a divorce case the court may dispose of homestead
estate according to equities.* Under section 5 of the Exemptions
act, the court, in a divorce case, may dispose of the homestead es-
tate according to the equities of the case; and if the effect of a
divorce decree is to divest the husband of his homestead he can
not set up a claim of homestead to defeat the enforcement of the
decree for alimony.

6. Same—*court may decree conveyance of homestead by hus-
band to wife.* In divorce proceedings the court may decree the
conveyance of the homestead by the husband within a time fixed,
and if he fails to comply with the decree the court may direct the
master in chancery to make the conveyance, in which case the con-
veyance executed by the master is valid and the husband is not
entitled to redeem.

7. SAME—*when the husband cannot complain of method of enforcing decree for alimony.* Where a divorce decree awards the wife a gross sum for alimony and solicitor's fees, which is to be in lieu of her right of dower and homestead and is made a lien on the husband's interest in four lots held in common with the wife, including the homestead property, in which the right of homestead was in the wife; the husband cannot complain that the decree was enforced by an execution sale, which was treated as one authorizing redemption.

8. NOTICE—*when party is entitled to notice of application for order to deliver possession.* If the decree for divorce and alimony does not provide that the defendant shall deliver possession upon the sale of his property on execution, the defendant, even though he refuses to deliver possession on demand, is entitled to notice, not only that an order for possession will be applied for, but also that an application will be made for an order or decree determining the right of the purchaser to an order for possession. (*Oglesby* v. *Pearce,* 68 Ill. 220, followed.)

WRIT OF ERROR to the Circuit Court of DuPage county; the Hon. L. C. RUTH, Judge, presiding.

Defendant in error filed a bill for divorce from plaintiff in error in the circuit court of DuPage county. The bill charged plaintiff in error with drunkenness and extreme and repeated cruelty. The parties were married in 1887 and had four children, three of whom were minors at the time the bill was filed. The bill alleged they all resided with defendant in error, and since 1892 plaintiff in error had not contributed anything toward the support of his wife and children excepting the raising of some vegetables on the lots that constituted their home; that the home was situated on lots 53 and 54 in Gostyn, an addition to Downers Grove, and was purchased partly with the money of defendant in error, and that she supposed, and was so informed by her husband, that the deed was made to them as tenants in common, but it was, in fact, made to plaintiff in error as sole grantee. The bill alleges that the parties borrowed $650 from the Downers Grove Loan and Homestead Association and used the money in erecting a dwell-

ing house upon said lots, which has since its completion been occupied by the family as a home; that the money so borrowed was payable in monthly installments and said installments were paid for one year by plaintiff in error, but thereafter they were paid, until the loan was discharged, by defendant in error from money earned by her by her own labor. The bill further alleges that the parties later purchased two other lots as tenants in common, paying therefor $50. In addition to praying for divorce the bill prayed for alimony in a lump sum; that the household goods be decreed to defendant in error and the real estate be decreed to her as alimony.

Plaintiff in error answered the bill denying the material allegations, and a trial was had without a jury and a decree entered in favor of defendant in error, granting the divorce on the ground of extreme and repeated cruelty and awarding her the custody of the three minor children. The decree found that the legal title to the two lots upon which the dwelling house was situated was in plaintiff in error; that they were worth $1350; that defendant in error and the children occupied the lower story of the dwelling house and plaintiff in error the upper story; that defendant in error had paid more than one-half of the cost of the property occupied as a homestead and was the owner of an undivided one-half thereof. The decree finds the other two lots were owned by the said parties as tenants in common; that they were vacant and unoccupied and worth about $150; that plaintiff in error was fifty-six years old, and able to earn, as a furrier and skin dresser, $350 a year; that defendant in error was forty-four years of age, and that justice requires a gross sum to be decreed to her in full satisfaction of her claim for alimony. It was therefore ordered that she have as her absolute property the household goods and effects, and that plaintiff in error pay to her in full of all alimony, within ninety days, the gross sum of $750 and the further sum of $100 for solicitor's

fees; "that said alimony and solicitor's fees are hereby made a lien upon the said real estate of the said defendant; that the provision herein made for alimony shall be in bar of complainant's right of dower and homestead in the property of the defendant." The costs of the suit are adjudged against plaintiff in error, and the decree orders that an execution be awarded defendant in error for the collection of the alimony, solicitor's fees and costs, said execution to issue to the sheriff as upon a judgment at law; and it is further ordered and adjudged that making the alimony and solicitor's fees a lien upon the real estate of plaintiff in error and in awarding execution for their collection shall not deprive the court of the power to enforce their payment by contempt proceedings.

This decree was entered on the 8th of November, 1907. Plaintiff in error failed to comply with the decree by the payment of the alimony and solicitor's fees, and an execution was issued to the sheriff of DuPage county and by him levied on all the interest of plaintiff in error in the four lots mentioned. The premises were advertised and sold by the sheriff at public sale to defendant in error for $860. A certificate of purchase was issued to her, and no redemption having been made within fifteen months, the sheriff made her a deed July 2, 1909. On the 14th of the same month defendant in error demanded possession of the premises but plaintiff in error refused to give possession, and on the 20th of July defendant in error filed a petition in the circuit court setting out the failure of plaintiff in error to pay the alimony and solicitor's fees, issuing of execution, sale thereunder and sheriff's deed. The petition prayed that plaintiff in error be ruled to show cause why he should not surrender possession and that the court would order a writ of assistance against him. The petition also prayed that plaintiff in error be ruled to show cause why he should not be dealt with for contempt of court in refusing to give possession of the property and

in refusing to obey the orders and directions of the decree. An order was entered upon the filing of that petition, which will be more fully referred to hereafter. Among other things it commanded plaintiff in error to show cause July 27, 1909, why he should not surrender the premises to defendant in error immediately, and why he should not be held in contempt for failing to pay $5 interest that had accrued upon the amount allowed for alimony before the sale and the costs of suit. A copy of this order and the petition under which it was entered was served on plaintiff in error on the day the petition was filed and the order entered. He failed to appear on the day fixed, and a decree was entered commanding him, within ten days after being served with a copy of it, to surrender and deliver up possession of the premises, and that within ten days he pay the balance of $5 due as interest on alimony and the costs of the suit. A copy of this decree was served on plaintiff in error by the sheriff of DuPage county August 5, 1909. Thereupon this writ of error was sued out.

ROBERT ZALESKI, for plaintiff in error.

S. L. RATHJE, and CHARLES W. HADLEY, (CARNAHAN, ELSDON & SLUSSER, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

The principal errors assigned are: First, that the decree for divorce was not justified by the evidence and the court erroneously awarded alimony in a lump sum; second, that the court had no jurisdiction to entertain the petition filed July 20, 1909, and enter decree thereon, because the term at which the final decree for divorce and alimony was entered had elapsed; third, the decree under the petition of July 20 was erroneous, for the reason that plaintiff in error had an estate of homestead in the premises

which he could not be deprived of by sale under the execution, and his homestead was not set off before levy and sale under said execution.

As there is no certificate of evidence in the record it is claimed that there must be a recital of sufficient facts in the decree to sustain it. If this contention be correct, we think the facts found in the decree fully justify it. The decree finds and recites that in 1892 the plaintiff in error, without cause, struck defendant in error with his fist, as alleged; that in February, 1907, without just cause, he assaulted her and willfully struck her violent blows, and that on divers other occasions he was guilty of extreme cruelty by assaulting and doing her personal violence. The fact that only two dates are given when plaintiff in error committed the acts of violence and cruelty against defendant in error, and that one of them was fifteen years before the trial, does not render the finding insufficient, supplemented, as it is, by the further finding that plaintiff in error had been guilty of extreme cruelty to his wife by assaulting her on divers other occasions and doing her personal violence, and the sufficiency of these findings of fact is not destroyed because the dates of these acts are not given.

Section 18 of our statute on divorce authorizes the court, when a divorce is decreed, to make such order touching alimony as from the circumstances of the parties and the nature of the case shall be reasonable and just, and under that statute it has been held that if the justice of the case requires it, a sum in gross may be decreed in satisfaction of alimony and a portion of the husband's real estate may be decreed to the wife. (*Dinet* v. *Eigenmann,* 80 Ill. 274; *Cole* v. *Cole,* 142 id. 19.) We hold, therefore, that the errors assigned upon the decree for divorce are not well taken.

We are also of the opinion that the contention of plaintiff in error that the court had no jurisdiction, at a term subsequent to that at which a decree for divorce and ali-

242—34

mony was entered, to make orders for the enforcement of the decree for the payment of alimony is untenable. *Welty* v. *Welty,* 195 Ill. 335; *Oglesby* v. *Pearce,* 68 id. 220.

The petition of July 20, and the orders and decrees that were entered thereunder, were in pursuance of the jurisdiction of the court to enforce its decree for the payment of alimony. The validity of the action of the court under that petition depends principally upon whether the premises were the homestead of the plaintiff in error, and if not, whether the court proceeded regularly in entering the decree. It appears from the recitals of the decree that lots 53 and 54 were occupied by the parties to this suit and their children as a home and that they were worth $1350. The plaintiff in error and defendant in error each owned and were entitled to the undivided one-half thereof. Defendant in error resided with the children in the lower story of the building and plaintiff in error resided alone in the upper story. By the terms of the decree it was expressly stated that the alimony awarded defendant in error was in bar of her right of dower and homestead in the property of her husband. The fifth section of chapter 52 of our statute entitled "Exemptions" reads: "In case of a divorce, the court granting the divorce may dispose of the homestead estate according to the equities of the case." While the decree in this case does not by express words divest plaintiff in error of any homestead estate in the premises, we think it clearly appears that such was the intention of the court, and unless that effect is given to the decree the award of alimony was a valueless and useless order. The court had before it, and understood the situation of, the parties and the property. If the facts found by the decree are true,—and we must assume they were,—defendant in error, with all the children, was residing, without her fault, separate and apart from her husband, although they were in the same house. Under such circumstances a right of homestead in her would attach. By the decree the

court divested her of that right, and in lieu thereof ordered and decreed that plaintiff in error pay her the sum of $750 alimony, and further ordered and decreed that said sum should be a lien upon the interest of plaintiff in error in the premises, and authorized its payment to be enforced by sale under execution. The court knew, when this decree was entered, that if the plaintiff in error was entitled to a homestead estate there was practically no property for the alimony to become a lien against that could be sold to satisfy the decree, for the decree finds that the interest of the plaintiff in error in the home property was worth only $675, and the only other property owned by him was a one-half interest in two vacant lots worth $150. That the court had authority to subject the interest of plaintiff in error in the home property to the payment of alimony can not be denied, and to our minds it seems as clear that it did do so as if the decree had expressly recited that, as against the alimony, plaintiff in error was divested of and prohibited from setting up a claim of homestead.

It is contended that by awarding an execution it became necessary, before levy and sale thereunder by the sheriff, that the homestead should have been set off in the manner provided by statute for the sale of property under execution where a homestead estate exists. The answer to this is, that no homestead right existed in plaintiff in error, and we see no reason why the court had not as much authority to direct the enforcement of the order for the payment of alimony, when the alimony was expressly made a lien on the property, by sale under execution, as it would have had to have enforced payment in any other manner. In a divorce proceeding by a wife the court may decree the conveyance of the homestead by the husband to the wife within a time fixed, and if he fails to comply with the decree the court may direct that the master in chancery execute the conveyance, and the conveyance so executed by the master is valid. (*Bonnell* v. *Smith,* 53 Ill.

375.) In such case there would be no right of redemption in the husband. In divorce cases 'the court retains jurisdiction and power, at a subsequent term, to alter or modify the decree for alimony or to enforce its payment by appropriate proceedings. In this case the court might have adopted a more summary manner to enforce the payment of the alimony awarded. The method of collecting it by execution and treating a sale thereunder as authorizing a redemption was certainly as lenient a method as could be desired by plaintiff in error, and if he suffered himself to be divested of title in that manner he is in no condition to complain.

It is contended that notice was not given plaintiff in error of the intention to file the petition of July 20, 1909, and before he had any knowledge of its being filed a decree was entered fixing the rights of the parties, so that an order for the delivery of possession by him would, of necessity, follow. It appears from the record that defendant in error caused a demand for immediate possession of the property to be served on plaintiff in error July 14, 1909. On the 20th of July the petition was filed by defendant in error reciting the decree for divorce and alimony, the failure of defendant to pay any part of it, the issuing of the execution, levy and sale by the sheriff, with a return to the execution that it was satisfied by a sale of the property on the 14th day of March, 1908, to defendant in error for $860. The petition further averred that plaintiff in error had failed to redeem from said sale; that defendant in error had received a deed from the sheriff for said premises; that the plaintiff in error was in possession thereof and refused, on demand, to deliver possession to the defendant in error. The petition also averred that the decree contained no order for the surrender of the possession of the premises to the purchaser under a sale so made, and prayed that plaintiff in error be ruled to show cause, by a short day to be fixed by the court, why he should not surrender posses-

sion to defendant in error and that a writ of assistance issue; also, that plaintiff in error be ruled to show cause why he should not be held in contempt for withholding possession of the premises, and that petitioner have such other and further relief under the law as she was entitled to and as to the court might seem proper. On the same day the petition was filed the court entered a decree reciting that the cause came on to be heard upon the petition and upon evidence, oral and documentary, heard in open court, from which the court found that plaintiff in error had due notice of the filing of said petition. The decree then recites the decree for divorce and alimony, the issuing of the execution and sale thereunder, the deed from the sheriff, etc., substantially as averred in the petition. The decree found that defendant in error was then the owner and entitled to the possession of the property and that plaintiff had no interest therein; that plaintiff in error had refused, upon demand, to deliver possession to her, and it was ordered that upon the coming in of court July 27, 1909, he show cause why he should not surrender possession to the complainant and why he should not be held in contempt for a failure to pay a balance of $5 alimony and the costs. The decree for divorce and alimony contained no order for the delivery of the possession of the property by plaintiff in error pursuant to any sale made under execution, and no notice was given him of the application for such order. The decree, entered upon the filing of the petition and the same day that it was filed and without notice to plaintiff in error, was of such character as to render it impossible for him to show any cause on the day named why he should not deliver possession of the premises to defendant in error. Everything necessary to a compulsory delivery of possession by him purports to be adjudicated in the decree. The first knowledge he appears to have had of the proceeding was after the petition was filed and the decree entered, when he was served with a copy of the petition and decree

and the rule to show cause on July 27. On that day he failed to appear, and another decree was entered ordering him, within ten days after service of a copy of it, to deliver possession of the premises to plaintiff in error.

In our opinion the court had no jurisdiction to adjudicate the rights of the parties under the petition without notice to the plaintiff in error and an opportunity being given him to be heard. In *Oglesby* v. *Pearce,* 68 Ill. 220, a petition was filed in the circuit court for a writ of assistance to put petitioner in possession of real estate he had purchased at a sale made by the master in chancery under a decree of court. After obtaining a deed the purchaser demanded possession, and upon the party in possession refusing to deliver to the purchaser he filed the petition for the writ. Notice of filing the petition was served and the party notified appeared and answered, but subsequently withdrew his answer and the petition was taken as confessed and the writ of assistance awarded. Defendant to the petition for the writ appealed to this court and assigned as error the action of the court in awarding the writ when the record and petition showed that there had been no service upon appellant of a copy of the decree under which the land was sold, accompanied with a demand for possession. The decree of the circuit court under the petition was reversed. On page 222 the court said: "The court below failed to observe the long and well established rules of practice in courts of chancery in awarding the writ of possession. The practice in this State, conforming to the general chancery practice, is, where the decree orders the defendant, on the execution of the deed by the master in chancery, to surrender the possession to the purchaser, to serve a copy of the decree on the defendant in possession, or, if others are in under him as purchasers, tenants or otherwise, then upon them, and on possession being refused, the court will, on filing an affidavit of the facts, award a writ of possession. But where the original decree ordering the sale fails

to order possession to be thus surrendered and the person in possession refuses to surrender it, the court will, on proper notice and motion, make such an order, and upon like service of a copy and demand of possession will, on motion and without notice, order an injunction against the party to deliver possession, and then, on affidavit of the service of the injunction and a refusal to deliver possession, a writ of assistance directed to the sheriff to put the purchaser into possession issues, of course, on motion and without notice,"—citing authorities.

The decree under which the property was sold for the payment of the alimony contained no order for the delivery of possession to the purchaser, and plaintiff in error was entitled to notice before such an order could properly be made. True, the decree of July 20 did not expressly order plaintiff in error to deliver possession of the property, but it found and adjudged that defendant in error was the owner and entitled to the possession of the property and that plaintiff in error had no interest therein. If that was a valid decree it was of no benefit to plaintiff in error to be notified to appear and show cause why he should not surrender possession of the property. The decree, entered without notice to him, effectually precluded him from making any such showing. Under its findings nothing remained to be done but to deliver possession, and it was not a compliance with the requirements of the practice in such cases to adjudicate, without notice to him, everything necessary to an order upon him to deliver possession, and then notify him to appear and show cause why he should not do so. The decree under which the sale was made containing no order for the possession of the property by the purchaser at such sale, plaintiff in error was entitled to notice, not only that an order for possession would be applied for, but notice of the application for an order or decree determining the rights of the parties and the right of defendant in error to such an order.

To us it appears that *Oglesby* v. *Pearce, supra,* is conclusive upon this question, and that the decrees of July 20, 1909, and July 27, 1909, adjudicating the right of plaintiff in error to an order for the possession of the property and ordering it to be delivered to the defendant in error were erroneous. Said decrees are therefore reversed, but the decree for divorce and alimony is affirmed and the cause remanded to the circuit court. The plaintiff in error will pay two-thirds of the costs in this court and the defendant in error one-third.

*Reversed in part and remanded.*