## Mary Lengvin, Appellee, v. John Lengvin, Appellant.

1. DEFAULTS—*discretion of court on motion to reopen default.* A motion to reopen a default and for leave to plead is addressed to the sole discretion of the court, and its determination will not be reviewed except in case of an abuse of such discretion.

2. DEFAULTS—*showing essential to reopening of default.* A party who seeks to have a default reopened must show both that he acted with due diligence to protect his rights, and that he has a meritorious defense.

3. DEFAULTS—*refusal to reopen where no diligence shown as within discretion of court.* Where a party against whom a decree of divorce was entered by default makes no showing of diligence in looking after his case, although he had knowledge of its pendency, the Appellate Court will not hold that the refusal of the court below to reopen the default and permit appellant to plead was an abuse of discretion.

Appeal by defendant from the Circuit Court of St. Clair county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1925. Affirmed. Opinion filed February 17, 1926.

CLYDE D. MILLER and JAMES O. MILLER, for appellant.

DANIEL R. WEBB and T. S. MORGAN, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Mary Lengvin, appellee, filed her bill for divorce against John Lengvin, appellant, to the April, 1925, term of the circuit court of St. Clair county, charging him with extreme and repeated cruelty. The bill alleged that the appellant was seized of real and personal property to a large amount; that his annual income was sufficient for him to maintain appellee and their two children, and that he was a strong, healthy and able-bodied man. The bill prayed for an injunction restraining appellant from disposing of, selling or incumbering his property, and also for divorce, alimony and custody of the children.

No answer by appellant to this bill appears in the record, but the decree thereafter entered recites that the appellant by his solicitors asked leave to withdraw the answer theretofore filed in his behalf which was allowed and appellant was defaulted. The decree also granted appellee her divorce, the custody of her children and awarded appellee for the support of herself and children, alimony in the sum of $30 per month and $100 for solicitor's fee. The decree further found that appellee and appellant were jointly seized of their homestead property in East St. Louis; that the same was purchased principally from funds derived from the labor of appellee, and awarded said real estate in fee simple to appellee. This decree was entered on the 18th day of May, 1925, being one of the days of the April Term of said court. On June 18, 1925, appellant, by his solicitors Miller & Miller, filed his motion to vacate the decree and judgment and set aside the default against him and permit him to file his answer to the bill of complaint. In support of this motion appellant made an affidavit to the effect that he had employed Farthing & Farthing as his solicitors to represent him in the divorce case, and agreed to pay them $50 for their services, and secured the payment of same by

executing his note and mortgage for $100; that about the first day of May he went to Oklahoma, looking for employment, and did not return until Sunday, May 17, which was the day before the trial of the divorce case was set for hearing; that he had no knowledge the case was set for trial until May 17, the day of his return, when he was handed a letter dated May 7, from his solicitors, notifying him thereof. Appellant further stated in this affidavit that he had six witnesses by whom he could prove the untruth of the bill of complaint, but on account of limited time after he learned the case was set for hearing he could not secure their attendance; that he did not authorize anyone to withdraw his answer but that it was done by his solicitors upon their own motion because they had not been paid their fee; that they never notified him of such withdrawal until May 19, and that appellant had a complete defense to all of the charges in the bill. To this affidavit was attached a letter under date of May 19, 1925, of Farthing & Farthing addressed to appellant, stating in substance that appellant had failed to call at their office and pay the fee as agreed upon, but that in order to protect his rights an answer had been filed and appellant was requested to come to the office of said attorneys and arrange for the trial. This letter further stated that the attorneys had written appellant on Monday, May 7, notifying him the case was set for the 18th and requesting him to come to their office and arrange for the trial, but that they had heard nothing from him until the morning the case was set for trial, when a friend of appellant phoned them that he had a letter from appellant in Oklahoma asking for a continuance; that they did attempt to get a continuance which was refused, and that they thereupon withdrew the answer which had been theretofore filed.

The motion was also supported by affidavit of one Louis Ogant, stating that appellant boarded with the affiant during March, April and part of May, 1925; that

appellant left his home about the first day of May, 1925, and did not return until Sunday the 17th of May on which day he handed to appellant a letter from Farthing & Farthing, attorneys, which had been received and kept unopened during appellant's absence. Appellant also filed an additional affidavit in which he stated that the evidence upon which the divorce was granted was false and alleged that he had discovered appellee and one Mike Parkus in a compromising situation and had shot at Parkus; and that appellee and Parkus had been guilty of adultery on numerous occasions.

The first ground presented in appellant's argument for a reversal of this decree is that it was erroneous for the court to award appellee monthly alimony and also to decree her the homestead in fee simple. There is no doubt but that the testimony heard on the hearing for divorce justifies the granting of a divorce. Beyond doubt it is legal under proper circumstances in a divorce case to decree a portion of the husband's real estate to the wife. "In case of divorce the court granting the divorce may dispose of the homestead estate according to the equities of the case." (*Doyle v. Doyle,* 268 Ill. 96; *Bobowski v. Bobowski,* 242 Ill. 524; *Cole v. Cole,* 142 Ill. 19; *Dinet v. Eigenmann,* 80 Ill. 274.) The other ground urged for a reversal of this decree is that the court erred in not granting appellant's motion to set aside the default, vacate the decree and permit him to answer. It is true that appellant stated in his affidavits in support of this motion that he had a meritorious defense to the bill. However, motions to set aside a default and for leave to plead are addressed to the sole discretion of the court, and will not be reviewed except in case of the abuse of such discretion. A showing of such a meritorious defense alone is not sufficient, but the party seeking to have a default set aside must show both that he acted with due diligence to protect his rights, and that he has a meritorious defense. (*Nitsche v. City of Chicago,* 280 Ill. 268; *Barrett v.*

*Queen City Cycle Co.,* 179 Ill. 68.) It is our opinion that appellant's affidavit fails to show due diligence upon his part to protect his interests in the divorce case. He left his home and state during the term to which the suit was filed, without notifying his attorneys or leaving them his address as is shown by their letter to him attached to his affidavit. He also returned home the day before the case was set for hearing and on that day learned that it was set for the following day, but his affidavit does not show any attempt upon his part to get in touch with his attorneys, or to appeal to the court itself, or to get ready for the case or to secure witnesses. In the absence of any showing of diligence upon appellant's part in looking after his case we cannot hold that the refusal of the court below to set aside the default and permit appellant to plead was an abuse of discretion. The property rights seem to us to have been equitably adjusted. The decree is therefore affirmed.

*Affirmed.*