JOHN CHARLES BARCLAY

*v.*

GRACE LESLIE BARCLAY.

*Opinion filed February 19, 1900.*

1. CONSTITUTIONAL LAW—*imprisonment for contempt of an alimony decree not unconstitutional.* Commitment of a defendant for refusing to pay alimony is not an imprisonment for debt which is prohibited by section 12 of article 2 of the constitution.

2. ALIMONY—*alimony is not a debt which may be discharged in bankruptcy.* Alimony cannot be regarded as a debt owing from husband to wife which may be discharged by an order in bankruptcy, whether the alimony accrues before or after the bankruptcy proceeding.

Special concurrence by BOGGS, J.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

THORNTON & CHANCELLOR, for plaintiff in error.

JAMES MAHER, for defendant in error.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

On June 27, 1899, the defendant in error, upon a decree awarded to her for the payment of alimony in her suit for separate maintenance, on a petition, which was duly verified, showing that the sum of $532 was due her, after personal service of notice of the application therefor, obtained a rule on the plaintiff in error, her husband, to show cause why he should not be attached for contempt of court for disobedience of the order of court requiring him to pay the alimony. To this rule the plaintiff in error filed his answer, in the nature of a plea in abatement, duly verified, averring that on the 5th day of July, 1899, he had filed his petition in the bankruptcy court, in and by which he avers that he had exhibited and scheduled this indebtedness in favor of the defendant in error and asked to be discharged therefrom. On hearing the

circuit court adjudged the plaintiff in error guilty of a contempt of court for failure to pay the sum of money accruing to defendant in error as her alimony, and found the sum then due to be $532, and to compel the plaintiff to pay this amount ordered that an attachment should forthwith issue against his person. The plaintiff in error brings the record to this court, and insists, first, that the proceedings should have been stayed in the circuit court until the adjudication on the bankruptcy petition; and further insists that this court should take jurisdiction of this case because it requires a construction of section 12 of article 2 of the constitution, which is as follows: "No person shall be imprisoned for debt, unless upon refusal to deliver up his estate for the benefit of his creditors, in such manner as shall be prescribed by law, or in cases where there is strong presumption of fraud," and insists that an imprisonment for contempt was a violation of that provision.

It has been frequently held that the commitment of a defendant for contempt for refusing to pay alimony is not an imprisonment for debt from which he can claim exemption under the provisions of a constitution prohibiting imprisonment for debt. (*Wightman* v. *Wightman,* 45 Ill. 167; *Carlton* v. *Carlton,* 44 Ga. 216; *Menzie* v. *Anderson,* 66 Ind. 239; *Allen* v. *Allen,* 100 Mass. 373.) The liability to pay alimony is not founded upon a contract, but is a penalty imposed for a failure to perform a duty. It is not to be enforced by an action at law in the State where the decree is entered, but is to be enforced by such proceedings as the chancellor may determine and adopt for its enforcement. As heretofore shown, it may be enforced by imprisonment for contempt without violating the constitutional provision prohibiting imprisonment for debt. The decree for alimony may be changed from time to time by the chancellor, and there may be such circumstances as would authorize the chancellor to even change the amount to be paid by the husband, where he is in

arrears in payments required under the decree. Hence such alimony cannot be regarded as a debt owing from the husband to the wife, and not being so, cannot be discharged by an order in the bankruptcy court. *Noyes* v. *Hubbard*, 15 L. R. A. 394.

Whilst there has been some doubt expressed as to whether past due alimony is a provable debt under the bankrupt acts of 1867 and of 1841, yet on principle it would seem that it is not a provable debt, not only for the reason that an action will not ordinarily lie to enforce a decree for alimony, but because the peculiar character of the obligation is such that it is always subject to modification by the court in which the decree was entered, according to the varying circumstances of the parties, and no other court could undertake to administer the relief to which the parties are entitled except that having jurisdiction in the original suit. An attempt to do so by such other court would bring about a conflict of authority and a condition of chaos with reference to questions of this character, because no other court would have before it the facts with reference to such change in conditions and as to such original right of the parties.

It was held in 1878 by the United States court for the Southern District of New York, that a claim for alimony, whether accruing before or subsequent to the proceedings in bankruptcy, was not a provable debt, and that proceedings to enforce its payment cannot properly be stayed by the bankruptcy court. *In re Lachemeyer*, 18 Nat. Bank. Reg. 270.

Under the Bankrupt act of 1898 an opinion was handed down on September 15, 1899, by Kirkpatrick, J., of the United States District Court for the District of New Jersey, in the case of *In re VanOrden*, 1 Nat. Bank. News, 475, holding that a decree for alimony and costs is a provable debt in bankruptcy proceedings, and that the provisions of the statute authorize the debtor's discharge from liability under such decree. We do not concur with the rea-

soning of the court in that case, and adhere to what we have heretofore said with reference to the question.

We hold there was no error committed by the circuit court in refusing to grant a stay of proceedings until the petition in bankruptcy could be heard, nor was there error in awarding an attachment against the person of the plaintiff in error.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*

Mr. JUSTICE BOGGS: I concur excepting so far as the opinion may be construed to hold alimony which has accrued and become due and payable under a decree against the husband does not constitute a provable claim against the assignee in bankruptcy of the estate of the husband.