## Robert A. Welty v. Catherine Welty.

96   141
a195s 335

1. ALIMONY—*Decree for, Not a Debt within the Meaning of the Bankrupt Act of 1898.*—Liability to pay alimony is not founded upon a contract, but is a penalty imposed for a failure to perform a duty. A decree for the same is not a debt provable within the meaning of the bankrupt act of 1898 and can not be discharged by an order in the bankruptcy court.

Contempt of Court.—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed July 18, 1901.

STIRLEN & DICKSON, attorneys for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Appellee, in the Superior Court of Cook County, obtained a decree of divorce on June 9, 1899, from appellant, for drunkenness and cruelty, and was awarded alimony to the amount of $200, to be paid for the period of eight months, $25 each month, commencing June 1, 1899, the same to be in lieu of and in full for alimony, and of all other claims of any kind or nature.

On June 13, 1900, appellant having failed to pay any part of said alimony, upon a rule to show cause why he should not be held as for contempt for failure to pay the same, the court found that appellant was able and had

property with which to pay said alimony, that he willfully failed and refused to obey the order and decree of the court in that regard, and was adjudged to be guilty of contempt and committed to the jail of Cook county for such contempt until he paid the alimony, or until released by due process of law, but not to exceed the period of six months. From this order of commitment the appeal herein is prosecuted, and it is contended that the order is erroneous, because the evidence is insufficient to show appellant's ability to pay the alimony in question. The evidence need not be here repeated; suffice it to say we have examined it and are of opinion it justifies the finding of the court above recited.

The further claim is made that the order is erroneous because it was shown upon the proceeding for contempt that said sum of $200 alimony was scheduled by appellant in certain proceedings in bankruptcy in the United States District Court for the Northern District of Illinois, in which he filed his petition on July 5, 1899, to be adjudged a bankrupt, and in which he was, on the 10th day of that month, duly adjudged a bankrupt. The claim is based upon the theory that the decree for alimony is a debt provable within the meaning of the bankruptcy law of 1898, and is therefore discharged by appellant's bankruptcy.

The contention is answered in the negative in the case of Barclay v. Barclay, 184 Ill. 375, and by the very recent case of Audubon et al. v. Schufeldt, 21 Supreme Court Reporter 735, decided by the Supreme Court of the United States.

In the Barclay case, the alimony awarded was for separate maintenance, and it was held that it could not be regarded as a debt owing from the husband to the wife, and therefore could not be discharged by an order in the bankruptcy court. The court, among other things, say: "The liability to pay alimony is not founded upon a contract, but is a penalty imposed for a failure to perform a duty."

In the Audubon case the Supreme Court of the District of Columbia held that past-due installments of alimony,

under a decree of divorce, was a provable debt under the bankruptcy act of 1898, but its judgment in that regard was reversed by the Supreme Court of the United States, Mr. Justice Gray delivering a well considered opinion, citing numerous authorities, among others, the Barclay case *supra*. The court say:

"Alimony does not arise from any business transaction, but from the relation of marriage. It is not founded on contract, express or implied, but on the natural and legal duty to support the wife. The general obligation to support is made specific by the decree of the court of appropriate jurisdiction. * * * The decree of a court of one State, indeed, for the present payment of a definite sum of money as alimony, is a record which is entitled to full faith and credit in another State, and may therefore be there enforced by suit. (Citing cases.) But its obligation in that respect does not affect its nature. * * * Permanent alimony is regarded rather as a portion of the husband's estate to which the wife is equitably entitled, than as strictly a debt."

It is true that in neither of these cases is the exact question at bar decided, viz., whether a decree for a sum in gross as alimony is or is not a provable debt; but we see no clear reason for holding that because the amount awarded is in gross, it is provable in bankruptcy, when as to past-due installments it is not a provable debt. As said in the Barclay case, "the liability to pay alimony is not founded upon a contract, but is a penalty imposed for a failure to perform a duty." And as said in the Audubon case, the fact that such a decree is for the payment of a definite sum as alimony, is a record, is entitled to full faith and credit in another State, and as such may be enforced, does not affect its nature. Also, alimony is regarded as a "portion of the husband's estate to which the wife is equitably entitled." It thus seems that the test as to whether an alimony decree is a provable debt, depends largely upon the obligation of the husband and the right of the wife. That being so, the fact that the decree is for a gross sum does not change the nature of the obligation of the husband nor the right of the wife. The order of commitment is therefore affirmed.