ROBERT A. WELTY

v.

CATHERINE WELTY.

*Opinion filed February 21, 1902—Rehearing denied April 4, 1902.*

1. ALIMONY—*when decree is for alimony and not an ordinary money decree.* A decree in a divorce proceeding, providing that complainant have the custody of the children and that defendant shall pay to the complainant "$25 on the first day of each month for a period of eight months, commencing June 1, A. D. 1899, and continue until the sum of $200 is paid, said sum to be *in lieu of* and in full for alimony and in full of all other claims of any kind and nature," is a decree for alimony and not an ordinary money decree.

2. SAME—*court may enforce alimony decree by attachment after term.* A court of chancery has power to enforce a decree for alimony by attachment for contempt, even after the expiration of the term at which the original decree for divorce and alimony was entered.

3. SAME—*alimony is not a debt which may be discharged in bankruptcy.* Alimony is not a debt owing from husband to wife which may be discharged by an order in bankruptcy, whether the alimony accrues before or after the bankruptcy proceeding. (*Barclay* v. *Barclay*, 184 Ill. 375, followed.)

*Welty* v. *Welty*, 96 Ill. App. 141, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

In a proceeding for divorce, brought by the appellee against the appellant, a decree of divorce was granted her on the bill taken as confessed on June 9, 1899, the charges in the bill against the appellant being habitual drunkenness and extreme and repeated cruelty; and in the same decree appellee was awarded alimony. The portion of the decree, awarding alimony, was as follows, to-wit: "That complainant, Catherine Welty, shall have the sole care, custody and education of their children, Robert, Matthew and Leslie Welty; that the defendant,

Robert A. Welty, shall pay to the said Catherine Welty $25.00 on the first day of each month for a period of eight months, commencing June 1, A. D. 1899, and continue until the sum of $200.00 is paid, said sum to be in lieu of and in full for alimony and in full of all other claims of any kind or nature," etc.

On June 13, 1900, the following order was entered in said proceeding, to-wit: "Upon the return of the rule issued in this case to show cause why the defendant, Robert A. Welty, should not be attached for contempt of court for failure to pay arrears of alimony, heretofore due under the decree entered in this case, and the court, having jurisdiction in said cause and having heard and read the affidavits on behalf of the complainant, and of the defendant, * * * doth find that there is now due and unpaid from the defendant to the complainant the sum of $200.00 for arrears of alimony under and by virtue of the decree heretofore entered in this cause, which arrears have accrued since the first day of June, 1899, no part of which has been paid. The court further finds, that no sufficient cause has been shown by the said defendant, Robert A. Welty, why the same should not be paid, or that he has been unable to pay the same. On the contrary, the court finds that said defendant is and has been earning $65.00 per month, and received the same, and that said defendant is able, and has property wherewith to pay arrears of alimony due; that he willfully fails and refuses to obey the order and decree of this court in paying alimony, and the court doth find and adjudge the said Robert A. Welty to be guilty of contempt of this court, and doth order that said Robert A. Welty be committed to the common jail of Cook county, Illinois, there to remain charged with said contempt of this court, until he pays the said sum of $200.00 to the complainant, or pays the same into this court for the said complainant, Catherine Welty, or until released by due process of law, but not to exceed the period of six

months, and that a *mittimus* for that purpose issue forth-with, directed to the sheriff of Cook county, Illinois."

An appeal was prosecuted from the order so entered on June 13, 1900, to the Appellate Court, where the order was affirmed; and the present appeal is prosecuted from such judgment of affirmance.

JOHN STIRLEN, for appellant.

H. E. MURPHY, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—Appellant complains, that the decree of June 9, 1899, was not a decree for alimony, but was a decree for a specific sum in lieu of alimony, his idea being that the court, by the use of the words "in lieu of," eliminated from the decree any requirement to pay money for alimony as such, and made it an ordinary decree for the payment of money. This contention is without force. The whole decree, when all of its parts are read together, is a decree for the payment of so much money for alimony, and shows upon its face that such sum of money was to be paid for the support of the appellee and for the care, custody and education of the children.

*Second*—Appellant further contends, that the decree of divorce and for alimony, entered by the court on June 9, 1899, was a final decree, and that the order of June 13, 1900, having been entered at a subsequent term, was void, upon the alleged ground that the court had no jurisdiction to make such order. The general doctrine is invoked that, when an action is finally determined by the entry of final judgment and the lapse of the term, the court has exhausted its jurisdiction. (1 Freeman on Judgments, p. 203). This contention also is without force. It has always been the law in this State that a decree for alimony is subject to modification by the court, in which

195—22

the decree was entered, according to the varying circumstances of the parties. (*Barclay* v. *Barclay*, 184 Ill. 375). Section 18 of the Divorce act provides that "the court may, on application, from time to time, make such alterations in the allowance of alimony and maintenance, and the care, custody and support of the children, as shall appear reasonable and proper." (2 Starr & Curt. Ann. Stat. —2d ed.—p. 1449). Under this section of the statute the court is invested with power to declare the termination of all alimony upon the occurrence of facts reasonably justifying such a declaration. (*Lennahan* v. *O'Keefe*, 107 Ill. 620). In *Cole* v. *Cole*, 142 Ill. 19, we said (p. 23): "The power over the subject matter of alimony is not exhausted by the entry of the original order, but is, under the statute, continuing, for the purpose, at any time, of making such alterations thereof as shall appear to the chancellor, in the exercise of a judicial discretion, reasonable and proper." (*Foote* v. *Foote*, 22 Ill. 425; *Stillman* v. *Stillman*, 99 id. 196; *Lennahan* v. *O'Keefe, supra*).

Section 18, moreover, provides that "when a divorce shall be decreed, the court * * * may enforce the payment of such alimony and maintenance in any other manner consistent with the rules and practice of the court." Section 6 of the Divorce act provides that the proceedings thereunder shall be the same as in other cases in chancery. Section 42 of the Chancery act provides that "when any bill is taken for confessed, or upon hearing, the court may make such decree thereon as may be just, and may enforce such decree, either by sequestration of real and personal estate, by attachment against the person, by fine or imprisonment, or both, by causing possession of real and personal estate to be delivered to the party entitled thereto, or by ordering the demand of the complainant to be paid out of the effects or estate sequestered, or which are included in such decree; and by the exercise of such other powers as pertain to courts of chancery, and which may be necessary for the attain-

ment of justice." (1 Starr & Curt. Ann. Stat.—2d ed.— p. 589). Section 47 also provides that "the court may, if necessary, direct an attachment to be issued against the party disobeying such decree, and fine or imprison him, or both, in the discretion of the court, and may also direct a sequestration for disobedience of any decree." (1 Starr & Curt. Ann. Stat.—2d ed.—p. 592).

In construing these provisions of the Divorce act and of the Chancery act, this court has held that a court of chancery has power to enforce a decree for alimony by attachment for contempt, even after the expiration of the term, at which the original decree for divorce and alimony was entered. (*Wightman* v. *Wightman*, 45 Ill. 167; *O'Callaghan* v. *O'Callaghan*, 69 id. 552; *Andrews* v. *Andrews*, 69 id. 609; *Blake* v. *People*, 80 id. 11; *Dinet* v. *Eigenmann*, 80 id. 276; *Barclay* v. *Barclay*, 184 id. 471).

It sufficiently appears from the evidence in this case, that the appellant was able to pay the alimony which he was required to pay, and that he refused, upon demand, to do so. It also appears, that appellant was served with notice that a rule would be applied for against him to show cause why he should not be punished for disobeying the order of the court, requiring him to pay the alimony, and that such a rule was entered after such notice was given. (*Ex parte Petrie*, 38 Ill. 498; *Petrie* v. *People*, 40 id. 334).

*Third*—Appellant also assigns as error, that the court below refused to allow him to show his discharge in bankruptcy as to the debt due from him to the appellee for alimony, the amount due for alimony having been scheduled by appellant in certain proceedings in bankruptcy in the United States District Court for the Northern District of Illinois. Appellant filed his petition in that court on July 5, 1899, to be adjudicated a bankrupt, and he was so adjudged on July 10, 1899. The contention under this branch of the case is, that the decree for alimony is a debt provable within the meaning of the

Bankruptcy law of 1898, and is therefore discharged by appellant's bankruptcy.

The answer to this contention on the part of the appellant is to be found in the case of *Barclay* v. *Barclay*, 184 Ill. 375, where this court held, in substance, that alimony cannot be regarded as a debt owing from husband to wife, which may be discharged by an order in bankruptcy, whether the alimony accrues before or after the bankruptcy proceeding. In the latter case it was said that "the liability to pay alimony is not founded upon a contract, but is a penalty imposed for a failure to perform a duty."

The holding of this court in *Barclay* v. *Barclay*, *supra*, has been approved by the Supreme Court of the United States in the recent case of *Audubon* v. *Shufeldt*, 181 U. S. 575. In the latter case it is said: "Alimony does not arise from any business transaction, but from the relation of marriage. It is not founded on contract, express or implied, but on the natural and legal duty of the husband to support the wife. The general obligation to support is made specific by the decree of the court of appropriate jurisdiction. Generally speaking, alimony may be altered by that court at any time, as the circumstances of the parties may require. * * * Alimony cannot ordinarily be enforced by action at law, but only by application to the court which granted it, and subject to the discretion of that court. Permanent alimony is regarded rather as a portion of the husband's estate to which the wife is equitably entitled, than as strictly a debt; alimony from time to time may be regarded as a portion of his current income or earnings; and the considerations, which affect either, can be better weighed by the court having jurisdiction over the relation of husband and wife, than by a court of a different jurisdiction. * * * The result is, that neither the alimony in arrear at the time of the adjudication in bankruptcy, nor ali-

mony accruing since that adjudication, was provable in bankruptcy, or barred by the discharge."

The judgment of the Appellate Court affirming the order entered by the superior court of Cook county here appealed from is affirmed.           *Judgment affirmed.*