Hans J. E. Banck, Appellee, v. Tannie G. Banck, Appellant.

Gen. No. 9,397.

at the May term, 1943. Heard in this court Opinion filed March 14, 1944.

HARRY I. HANNAH and THOMAS R. FIGENBAUM, both of Mattoon, for appellant.

BROWN, HAY & STEPHENS, of Springfield, for appellee; ROBERT A. STEPHENS, Jr., of Springfield, of counsel.

MR. JUSTICE RIESS delivered the opinion of the court.

By this appeal, the defendant seeks to reverse an order of the circuit court of Sangamon county modifying a decree for the payment of alimony.

It appears from the record that on May 20, 1941, defendant appellant obtained a decree of divorce from plaintiff appellee upon her uncontested counterclaim on the statutory ground of wilful desertion. The decree provided, *inter alia,* "that the parties herein have mutually agreed upon a property and alimony settlement by virtue of which, it has been agreed that the defendant henceforth own the dwelling house in which she is now living and described as 1524 Dial Court, Springfield, Illinois; that the said plaintiff execute his quit-claim deed to her therefor; and that he further pay and discharge the mortgage thereon now existing; that the said defendant shall have all the furniture now contained in said real estate, and also a certain Lincoln automobile; that in addition thereto, said plaintiff shall pay the said defendant the sum of $4,500 as gross alimony as follows, to-wit: $500 upon the rendition of this decree and the balance in monthly instalments of $100 each payable on the first day of

each and every month hereafter, commencing the first day of June A. D. 1941 and that he further pay to her the sum of $500 for solicitors' fees in and about prosecuting her suit herein; that the said defendant convey by her quit-claim deed all of her right, title and interest in and to all the remainder of the real estate owned by the said plaintiff.'' The decree further provided ''that said property and alimony settlement heretofore referred to shall be, and the same is hereby approved'' and that the decree remain a lien upon the real estate of plaintiff until he shall have paid the ''gross alimony'' and solicitors' fees and in case of his default, the said real estate shall be sold to pay the same. Certain personal chattels and securities were awarded to the plaintiff and the property of each party was decreed to be owned and held free and clear of all claims or demands of the other party resulting from the marriage relationship, including dower, homestead, award and alimony. The decree further found that the husband then earned $600 per month and that the wife was not employed and had no means of support.

Thereafter, said $500 lump sum and all subsequent $100 monthly instalments of alimony were paid by the plaintiff to the defendant as they became due according to the terms of the decree, to the date of September 28, 1942, on which latter date the defendant appellant intermarried with one Elmer Allison, in Hannibal, Missouri. Plaintiff appellee thereupon petitioned the court to be relieved from further payments of alimony accruing after said date under and by virtue of the provisions of sec. 18, ch. 40, Ill. Rev. Stat. 1941 (Jones Ill. Stats. Ann. 109.186), being an amendment enacted in 1933 to said section 18 of the Divorce Statute, which amendment provided ''that a party shall not be entitled to alimony and maintenance after remarriage.'' The petition to modify the decree was duly heard and a decree was entered by

the chancellor granting the prayer of the petition and releasing plaintiff from further payments of alimony to the defendant and also discharging and releasing plaintiff's real estate from any lien for the payment thereof; the chancellor expressly finding that by reason of said remarriage, "the plaintiff is entitled to be relieved of all payments of alimony after September 28, 1942." After motion to set aside said order, which was denied, the defendant perfected her appeal to this court.

Defendant appellant assigned the following errors as grounds for reversal, *viz*: (1) lack of jurisdiction of the court over the cause or subject matter; (2) that the right of gross alimony was a vested right over which the court has no jurisdiction; (3) error in holding that defendant's remarriage terminated her right to receive the total amount of gross alimony settlement; (4) error in terminating plaintiff's obligation to pay the unpaid instalments of alimony accruing after defendant's marriage.

The above section 18, as so amended, provides as follows:

"When a divorce shall be decreed, the court may make such order touching the alimony and maintenance of the wife or husband, the care, custody and support of the children, or any of them as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just; and order the Defendant to give reasonable security for such alimony and maintenance, or may enforce the payment of such alimony and maintenance in any other manner consistent with the rules and practice of the court, where a party wilfully refuses to comply with the court's order to pay alimony and maintenance, provided that no alimony or separate maintenance shall accrue during the period in which a party is imprisoned for failure to comply with the court's order, and provided

further that a party shall not be entitled to alimony and maintenance after remarriage. And the court may, on application, from time to time, make such alterations in the allowance of alimony and maintenance, and the care, custody and support of the children, as shall appear reasonable and proper.''

The decree, in so far as it concerns a property settlement and the payment of immediate and subsequent periodic alimony payments, was entered by the consent of the parties and there is no controversy concerning the facts. Appellant contends, as a matter of law, that the right of defendant to receive the unpaid instalments for the balance of ''gross alimony'' became and is a vested right, by virtue of the terms of the property settlement and consent decree which she was entitled to receive in periodic payments as the same fell due on dates subsequent to the date of her remarriage and that the above provision of the statute is not applicable to the facts herein.

Appellant's uncontested counterclaim first sought a decree of separate maintenance and was later amended to pray for an absolute divorce, containing and retaining, however, the specific prayer ''that she may be awarded alimony to maintain herself according to his (the husband's) station in life.'' The above specific prayer of the amended petition, the language of the decree granting the same and the express understanding of the chancellor, who heard the testimony and granted both the original decree and the subsequent order modifying the decree, persuasively evidence the meaning and intent thereof and the understanding of all parties in relation thereto. The alimony previously agreed upon by the parties became merged in and was set forth in the decree itself, which expressly found the defendant to be without means ''to provide support for herself'' and provided for the periodic monthly payments in question extending over an approximate five year period granting an al-

lowance to be awarded as "alimony to maintain herself" according to the husband's station in life, which terms were duly complied with from the date of the decree on May 20, 1941 to the date of appellant's marriage to a second husband on September 28, 1942.

The chancellor below, who heard the case and entered both the original and modified decrees, in a short opinion filed with the latter, stated: "The decree in question is a decree for alimony. The decree so recites it. The court fixed the maximum payments at the sum of $4500 and provided it should be paid in monthly instalments of $100 apiece. The court might just as well have said that the maximum should be five years instead of $4500. In either case, it must be understood that the decree of the court had in it the express mandatory language of the statute, even though it was not specified in said decree . . . ." The court further said that "Counsel for respondent has laid great stress on the finding of the court and that this was a decree for money in gross. It was alimony, however, and was to be paid on the instalment plan." Clearly, the alimony provisions so agreed upon by the parties, so prayed for in the counterclaim, so allowed and ordered by the court to be paid on terms set forth in the decree for defendant's maintenance, became thereby merged in and was controlled by the terms of said decree and the statutory provisions applicable thereto.

The application of the amendatory language of the above statute providing for nonpayment of alimony and separate maintenance after remarriage has been construed by the courts of review of this State in a number of cases. While the decisions in Illinois are not in entire harmony upon the right of the chancellor to modify a decree for alimony awarded in gross, since each case depended upon the particular facts and circumstances presented for review under the decree in question, the courts have uniformly held that as be-

tween the parties, the mandatory language of section 18 depriving the recipient of further alimony payments in the event of remarriage is binding both upon the parties and the court and becomes by implication a part of the decree. The payment of $4,500 in periodic payments over a period of 40 months was referred to by the parties and designated in the original decree as "gross alimony." The language of the statute makes no distinction between a decree for a lump sum payable in instalments and a decree for periodic payments. The chancellor held under the facts presented "that in this case an event happened, to-wit: the marriage of recipient, that makes it mandatory upon the court to stop further periodic payments upon application of the person affected." Our Supreme Court, in the recent case of *De La Cour v. De La Cour*, 363 Ill. 545, 2 N. E. (2d) 896, likewise treated a decree for alimony awarded in a lump sum of $3,000 payable in $50 monthly instalments over a period of five years, thereby fixing both the gross sum awarded and the limited and certain time for making each of such payments, as a decree for periodic payments, subject to modification by the court under the provisions of section 18, *supra;* citing in support of the continuing equitable or statutory power of the court to modify the decree under section 18 of the Divorce Act, the cases of *Maginnis v. Maginnis,* 323 Ill. 113, 153 N. E. 654; *Bobowski v. Bobowski,* 242 Ill. 524, 90 N. E. 361; *Welty v. Welty,* 195 Ill. 335, 63 N. E. 161; *Cole v. Cole,* 142 Ill. 19, 31 N. E. 109; the court saying (pp. 117, 118) that "An express reservation of the power in the decree is unnecessary for the power exists and may be exercised irrespective of whether so reserved." *Maginnis v. Maginnis, supra.*

In the case of *Morgan v. Lowman,* 80 Ill. App. 557, 559, this court held that "Where a divorced wife remarries, the divorced husband is absolved from the burdens of a decree requiring him to pay alimony.

She has a vested right only in that which has accrued up to the date of the second marriage. It is her privilege to abandon the provision which the decree of the court makes for her support by entering into marriage with another man, thereby seeking her support from another direction, but when she does so the law will require her to abide her election.'' Alimony past due under a decree is a vested debt and cannot be set aside nor can payment of amount past due thereunder be changed by a subsequent order of court. *Craig v. Craig,* 163 Ill. 176, 45 N. E. 153; *Cooper v. Cooper,* 185 Ill. 163, 56 N. E. 1059; *McAdams v. McAdams,* 267 Ill. App. 124; *Herrick v. Herrick,* 319 Ill. 146, 149 N. E. 820; *Bush v. Bush,* 316 Ill. App. 295, 302, 44 N. E. (2d) 767. But as to alimony payments accruing in the future she has no vested rights. *Adler v. Adler,* 373 Ill. 361, 373, 26 N. E. (2d) 504. *Morgan v. Lowman, supra.*

In the oft cited case of *Stillman v. Stillman,* 99 Ill. 196, 202, it is said concerning the wife's support that ''It is unreasonable that she should have the equivalent of an obligation for support by way of alimony from a former husband, and an obligation from a present husband for an adequate support at the same time. . . . It is her privilege to abandon the provision the decree of the court made for her support under the sanctions of the law, for another provision for maintenance which she would obtain by a second marriage, and when she has done so the law will require her to abide her election.''

The above equitable principle, repeated and applied at intervals and without exception by our courts of review, is based upon sound public policy and was crystallized into a statutory enactment by the amendment to section 18 in 1933; which, among other provisions, specifically provides ''that a party shall not be entitled to alimony and maintenance after remarriage.'' Concerning this amendment, the Supreme

Court, in the case of *Adler v. Adler, supra,* p. 373 said, "The amendment merely adopted the general rule and made it mandatory upon the court to cancel alimony payments in all cases where the recipient had remarried, regardless of whether or not there had been a change in the financial condition of the former husband."

In the case of *Miller v. Miller,* 317 Ill. App. 447, 448, 46 N. E. (2d) 102, wherein the appellant contended that the decree provided a gross alimony payable in future instalments, in which she held a vested interest, and wherein the decree recited, as in the instant case, that the parties "had entered into an agreement regarding the question of alimony and adjustment of property rights," it was held that the court had the power to modify the decree under section 18 of the Divorce Act, as amended. By incorporating an agreement between parties in a divorce decree, the same becomes merged in the decree and the parties make such decree subject to the statutory provisions and continuing power of the court to modify the same as therein provided. *Adler v. Adler, supra; Cahill v. Cahill,* 316 Ill. App. 324, 45 N. E. (2d) 69. The purpose of alimony payments has always been construed by our courts of review as the equivalent of the husband's obligation for support which arose in favor of the wife out of the marriage contract and which obligation ceased when the wife again married and thereby obtained the same obligation for support from her second husband. "Alimony does not arise from any business transaction but from the relation of marriage. It is not founded on contract but on the natural and legal duty of the husband to support the wife." The general obligation to support is made specific by the decree of the court of appropriate jurisdiction. Generally speaking, alimony may be altered by the court at any time as the changing circumstances of the parties may require. *Her-*

rick v. *Herrick, supra,* p. 151; *Audubon v. Shufeldt,*
181 U. S. 575; *Barclay v. Barclay,* 184 Ill. 375, 56 N. E.
630; *Welty v. Welty,* 195 Ill. 335; *Silberschmidt v. Silberschmidt,* 112 Ill. App. 58; *Cahill v. Cahill, supra.*

In the case of *Thompson v. Mentzer,* 216 Ill. App.
470, the complainant was granted a decree of divorce
on the ground of wilful desertion, and the custody of a
17 year old son was granted to her. .By consent, alimony was granted as follows: $5,000 cash and $30 per
month beginning on the first day of May, 1916, and
the first of each month thereafter during the life of
Joseph Arnold, father of complainant, and until the
minor son should arrive at the age of 21 years. Both
the lump sum and monthly alimony payments were
made to the appellant until April 1918, when she remarried, whereupon the defendant prayed that he be
released from further payments, which decree was.
granted. Further payments on the son's account
were not in issue, as he had lived with and been supported by his father. The court said (p. 473) that
"It is further urged that the modification of the decree was wrong for the reason that the alimony
awarded was for a gross sum and that the court was
without jurisdiction to modify it at a subsequent term.
We think it clear that since the decree provided for
monthly payments it cannot be said that the alimony
was for a gross sum. . . . By remarrying, complainant voluntarily waived her right to alimony after
the date of her remarriage." *Morgan v. Lowman,* 80
Ill. App. 557; *Stillman v. Stillman,* 99 Ill. 196.

In the case of *Welty v. Welty, supra,* the terms of
the decree awarding alimony provided that the plaintiff, Catherine Welty, have the sole care, custody and
education of the three children and that the defendant, Robert Welty, pay her $25 on the first day of
each month for a period of eight months, commencing
with June 1st, "and continue until the sum of $200 is
paid, said sum to be in lieu of and in full for alimony

and in full of all other claims of any kind or nature,''
etc., thereby fixing the gross sum as well as the num-
ber, time and amount of eight periodic monthly ali-
mony payments. The court, on page 337, said: ''Ap-
pellant complains that the decree of June 9, 1899 was
not a decree for alimony, but was a decree for a spe-
cific sum in lieu of alimony, his idea being that the
court, by the use of the words 'in lieu of,' eliminated
from the decree any requirement to pay money for
alimony as such, and made it an ordinary decree for
the payment of money. This contention is without
force. The whole decree, when all of its parts are
read together, is a decree for the payment of so much
money for alimony, and shows upon its face that such
sum of money was to be paid for the support of the
appellee and for the care, custody and education of
the children.'' The chancellor below expressed a sim-
ilar opinion in the instant case. In the *Welty* case,
the court then discusses and affirms the continuing
jurisdiction and exercise of discretionary powers
granted to the chancellor by the statute.

As stated in *Adler v. Adler, supra*, p. 373, ''Her
rights became fixed as to accrued payments, but as to
all payments maturing in the future she had no vested
right. . . . The amendment of 1933 to section 18
of the Divorce Act does not affect any vested rights
of respondent.'' That case involved the creation of
a considerable trust estate to secure the payment of
alimony provided for in the decree, and the court held
the supplemental trust indenture and agreement in
question which recited that ''for the purpose of mak-
ing full and final provision for the maintenance and
support of said Sara Adler, and for alimony, dower,
and right of dower, and all claims and property rights,
and rights of every kind and nature of second party
against first party, a supplemental trust indenture has
been entered into . . .''; that the agreement has
become merged in the decree, and that as such, the

statute by implication becomes a part of the decree and the provision for alimony became subject to modification. *Maginnis v. Maginnis,* 323 Ill. 113, 117, 153 N. E. 654. Where the decree awards a gross fixed sum in full settlement of all alimony claims, the same, when free of fraud, becomes final and its payment precludes the parties, but where the decree takes the form of a periodic allowance of future payments, it is controlled by and deemed to have been made in view of the provisions of section 18 of the statute concerning remarriage of the recipient. *Maginnis v. Maginnis, supra; Herrick v. Herrick,* 319 Ill. 146, 149 N. E. 820; *Smith v. Smith,* 334 Ill. 370, 166 N. E. 85; *Adler v. Adler, supra.* In *Adler v. Adler, supra,* and *Miller v. Miller, supra,* it was also provided in the agreement and decree that the former husband was to continue the payment of unpaid alimony unaffected by the remarriage. The latter provision was held in both cases to be a nullity, as contravening the express provisions of the statute. The courts of review affirmed the holding of the chancellor below in both cases and held it to be mandatory on such court to cancel the alimony payments falling due after remarriage. While it was clearly pointed out in the opinions and we hold herein that the statute does not apply to vested rights, it was also held, as we hold herein, that under the provisions of the decree and facts presented, the remarriage statute did apply. An intermingling of the language concerning settlement of property rights and the expression ''gross alimony'' or provision for a lump sum, when payable in future instalments, does not ordinarily take the provision for the payment of alimony or support money out of the provisions of the statute nor render same inapplicable upon remarriage of the defendant. *Miller v. Miller,* 317 Ill. App. 447; *Welty v. Welty,* 195 Ill. 335; *De La Cour v. De La Cour,* 363 Ill. 545.

No precise nor hard and fast rule can be laid down for determining whether the right to alimony has

become vested under the provisions of a decree embodying therein the terms of an agreement between the parties. Each case must be determined in accordance with the varying facts and circumstances presented by the entire language and provisions of the decree. Unless lawful provisions of the contract in question which becomes merged in the decree and the specific provisions of the decree itself, when so construed as a whole, make it clear and unambiguous that the statutory provisions are not applicable, the express discretionary or mandatory provisions of section 18 of the Divorce Act, as amended, will control, and will by implication become a part of the decree. Any other rule would tend to impair the salutory provisions and purposes of the statute as amended and would restrict the continuing discretionary powers and affirmative duties now lodged in courts of chancery by express legislative enactments.

Without unduly lengthening this opinion, we cannot undertake to comment on a number of cases cited by the defendant in an earnest effort to avoid the mandatory effects of the statute, which we do not deem to be parallel in fact nor controlling in principle under the specific facts and provisions appearing in the decree herein. The bankruptcy case cited by appellant concerning vested interests did not involve the subsequent marriage of the wife nor the mandatory effects of the remarriage statute as between the parties. The case of *Smith v. Smith, supra,* also cited by the appellant has been clearly distinguished from the applicable rule herein by the Appellate Court in its opinion in the case of *Joachim v. Joachim,* 267 Ill. App. 237, wherein the right to modify the decree was sustained and the decree affirmed. In the *Joachim* case, the original decree granted a divorce and provided that "pursuant to an agreement heretofore entered between the parties hereto, settling and forever disposing of their financial rights and obligations due to the marital relations between them, that the defend-

ant shall pay to the complainant the sum of $325 per month from the entry of this decree up to and including the month of September, 1928, and that the defendant shall thereafter pay to the complainant the sum of $300 per month, beginning with the month of October, 1928, and every month thereafter until and up to the time of the complainant's death or remarriage.'' Then followed provisions for payment of certain moneys and delivery of certain furniture, chattels and $5,000 in bonds to the wife. Subsequently, a verified petition under section 18 of the Divorce Act, *supra,* was filed on November 13, 1931, setting forth the changed income and financial condition of the defendant, owing to his ''unemployment and his depleted financial condition,'' and praying for modification of the decree so as to reduce the subsequent payments to $50 per month. There, as here, it was contended that ''the court, pursuant to the agreement of the parties, embodied in its decree the terms of the financial settlement between them''; and that ''the court had no jurisdiction to hear the petition of the defendant, hear evidence thereon and determine the issues, and modify the alimony terms entered by agreement of the parties and embodied in the original divorce decree.'' The court held, however, that ''This contention has been settled, and adversely to complainant in *Herrick v. Herrick,* 319 Ill. 146, 149 N. E. 820'' and other cited cases. In distinguishing the *Smith* case, the court in the *Joachim* case, pointed out that the *Smith* case, in holding that the first decree was *res judicata* as to previous conditions authorizing alimony in the decree and that only a change in conditions would justify a modification of the decree, under the statute, had thereby expressly approved the ruling in case of *Herrick v. Herrick, supra,* and further stated that because the petition in the *Smith* case made charges of fraud in respect to procurement of the agreement in regard to alimony embodied in the

decree, and sought to have the same reviewed by petition under section 18, the court held that charges of fraud were not subject to review under section 18 and that if petitioner felt that she was entitled to relief from the agreement as to alimony, embodied in the decree on such grounds, she should seek relief under the general equity powers of the court.

While appellant has further stressed the fact that she released an inchoate dower interest in appellee's remaining real estate or lots, the value of which is not shown by the record, the fact also remains that by the executed property settlement, she received valuable real estate free of all incumbrances, which were assumed and subsequently paid by the husband, together with valuable personal property free and clear of any claim of the husband, in addition to the payment of all accrued alimony which had vested in or become due and payable to her prior to the date of her remarriage, and that each relinquished all rights and claims in and to the property of the other growing out of prior marital relationship. As in *Adler v. Adler* and other cases cited, *supra,* similar provisions providing for release of dower or other marital rights were set forth in agreements and merged in the decrees but the mandatory provisions of amended section 18 concerning remarriage, were held to apply and to be controlling therein.

Appellee's contention that the financial condition of the parties had materially changed and that his income and assets had greatly shrunken since the original decree was entered would only become material if he sought a modification of the allowance under the sound discretionary powers lodged in the chancellor by applicable provisions of section 18 of the statute, *supra.* Such facts are not material under the 1933 amendment to that section concerning the mandatory effect of remarriage upon all future alimony payments. *Adler v. Adler,* 373 Ill. 361.

We hold herein that the right of the defendant to payments due and accruing prior to the date of her remarriage became a vested right which could not be changed nor modified by the court under section 18 of the Divorce Act, but that future accruing payments which became due and payable under the terms of the decree subsequent to the date of her remarriage were not vested rights but were held subject to and controlled by the specific provisions of section 18 of said act, as amended, which became binding both upon the parties to the decree and upon the court herein and by implication a part of the decree. *Adler v. Adler, supra; Miller v. Miller, supra; Welty v. Welty, supra; Bush v. Bush, supra; Craig v. Craig, supra.* The terms of the decree as to the property rights having been fully executed by the parties and all payments of alimony which accrued and became vested thereunder, having likewise been paid to the date of defendant's remarriage, the trial court properly held and decreed that subsequent instalments or periodic payments were discharged by the terms of the statute.

The chancellor below did not err in releasing and absolving plaintiff from the payment of the instalments of alimony which fell due or became payable and remained unpaid subsequent to the date of September 28, 1941 when the defendant appellant remarried, nor in releasing and discharging his real estate from any lien for the payment thereof. We find no error in the record and the order appealed from is affirmed.

*Order affirmed.*

MR. PRESIDING JUSTICE DADY DISSENTING: I do not agree with the majority opinion.

In the present case the parties were married in 1912 and lived together until 1940. Two children were born of the marriage, aged respectively 28 and 26 years at the time of the decree. Apparently the husband had accumulated and had considerable property.

The decree found that the wife was not employed and was "devoid of any financial means wherewith to provide support for herself," but that the husband was gainfully employed and received from such employment $600 per month. While the record is silent as to whether the wife contributed any moneys, I believe it is a reasonable presumption that she looked after the household duties including the care of the children, thereby better enabling the husband to accumulate such property. In this situation the wife obtained a decree of divorce which adjudicated the husband guilty of desertion. The record is silent as to the value of the property owned or retained by the husband, and does not show the value of the home conveyed to the wife.

Under the terms of the property settlement agreement, made by the parties and approved by the decree, the wife was to receive a deed to the dwelling occupied by her, freed from an existing mortgage; the husband agreed to pay her the sum of $4,500 as "gross alimony," $500 upon the rendition of the decree and the balance in monthly instalments of $100 each; and the wife was to convey to the husband all of her right and interest in and to all of the remainder of the real estate owned by the husband; and the decree provided that all property then owned by the parties should be owned by them respectively "free and clear of all claims and demands of the other whatsoever including dower, homestead, widow's award or alimony. . . ."

It is conceded that the decree was a consent decree so far as the question of the settlement of property rights was concerned.

Apparently all of the decree has been executed in full except as to the provision for the $4,500 payment to the plaintiff, on which the sum of $2,100 had been paid at the time of the filing of the petition.

The first and principal question is whether the proviso added to section 18 of the Divorce Act by the 1933 amendment which provided "that a party shall

not be entitled to alimony and maintenance after re-marriage,'' properly applies to the portion of this decree providing for the payment by the husband of the sum of $4,500 to the wife as gross alimony. The entire case of the appellee depends upon what construction is to be given to the words contained in such proviso, and particularly on what meaning is to be given to the word ''alimony'' as so used. If by such use of the word ''alimony'' the legislature did not mean or refer to alimony in gross, but merely meant a periodic allowance made to a woman on a decree of divorce for her support out of the estate of her husband, then in my opinion the husband has no standing in court in this proceeding, and the judgment of the trial court should be reversed.

Alimony has been defined to be ''that allowance which is made to a woman on a decree of divorce for her support out of the estate of her husband.'' (*Stillman v. Stillman,* 99 Ill. 196, 201; *Adler v. Adler,* 373 Ill. 361.) Alimony is an allowance out of her husband's estate made for the support of a woman legally separated from him. (Webster's Dictionary.) It generally takes the form of periodic payments which continue until some change in circumstances makes future support unnecessary. Where alimony takes the form of periodic payments only, the remarriage of the party entitled to such payment, even prior to the 1933 amendment to section 18 of the Divorce Act, was generally considered a sufficient reason to relieve the other party from continuing further payments. (*Stillman v. Stillman, supra*). The amendment simply embodied the practice as it theretofore existed. (*Adler v. Adler, supra.*) Alimony is not founded on a contract express or implied, but on the natural and legal duty of the husband to support the wife. (*Audubon v. Shufeldt,* 181 U. S. 575; *Tuttle v. Gunderson,* 254 Ill. App. 552.)

Applying to the decree in question the foregoing definitions and rules of law concerning alimony, it is my opinion that the allowance of "$4,500 as gross alimony" was not in fact alimony as defined by our courts of review or as meant by the legislature in such proviso in section 18 of the Divorce Act, for the reason that the decree as to so-called alimony did not provide for a mere allowance for the support of the wife, and for the reason that, although the contract was merged in the decree, yet the provisions of the decree as to alimony were in fact founded on the contract, and for the further reason that on the record as presented in this case the trial court, in the absence of the contract, could not properly have made a decree giving the wife either such lump sum in money or the dwelling house in fee. (See *Bissett v. Bissett,* 375 Ill. 551.) If such provision were for mere alimony as so defined and used, that is merely for the support of the wife, then why did the court order him to convey to her the house and to pay her $4,500 regardless of whether she might survive him and regardless of how long she might live?

All of these considerations indicate that the provision for the $4,500 payment was not a mere alimony provision to provide for the future support of the wife by means of periodic payments, but that such provision was an integral and inseparable part of a property settlement under which the husband among other things irrevocably bound himself to pay his wife the sum of $4,500.

The majority opinion refers to the provision for the $4,500 payment to the wife as " 'alimony to maintain herself' according to the husband's station in life." As a matter of fact the decree clearly refers to the gross alimony in question as being an integral part of a property settlement. The language of the decree is plain and unambiguous, and of course the

words used therein must therefore speak for themselves, regardless of any undisclosed intention of the litigants or of the chancellor who adopted and approved the words chosen by the litigants. (See *Ford v. Witwer*, 383 Ill. 511, 515.)

From my examination of the authorities it appears to me to be the settled law of this State that where a decree incorporates a property settlement agreement which, as a part thereof, provides for the payment of alimony in a definite gross or lump sum, such decree is final and not subject to modification under section 18 of the Divorce Act.

One of the earliest cases announcing this principle is *Plaster v. Plaster,* 47 Ill. 290 (1868) in which the trial court found "that the defendant was at that time worth one thousand dollars, one-fourth of which was decreed 'to the wife' as her absolute property, and as alimony." Several years later the wife filed a petition asking that she be allowed additional money for the support of her child and for further alimony. The former husband filed a demurrer which was sustained and the petition was dismissed. On the question of further alimony for the support of the former wife the court said: "As to the question of further alimony, we are aware of no principle of law which would authorize it. At the time the divorce was granted, plaintiff in error received one-fourth of the value of the entire property of her husband, as her sole and separate property, as her alimony. The division was liberal, and being in gross, it must be held to be in full of all claims of alimony. Had it been a yearly sum then the alteration of the circumstances of the parties might, in many cases, be such as would require its reduction or increase in amount. But, where a gross sum is decreed and received for, or in lieu of, alimony, it must be held to be in full discharge and satisfaction for all claim for future support of the wife. When they are divorced, they, from that time

forward, cease to have claims on each other, and all marital rights and duties are at an end. Having discharged the duty of her support, by paying to his former wife the gross sum decreed in lieu of alimony, she ceased to have any more claim on her former husband for her support, than she has on any other man in the community. The decree fully terminated the relation, and with it, its rights, duties and obligations.''

In *Buck v. Buck,* 60 Ill. 241, a consent decree awarded the wife, among other things, $12,000 as gross alimony. The husband appealed and the Supreme Court said: ''It sufficiently appears from the recitals in the decree, that the whole question of alimony was fixed and settled by the agreement of the parties, . . . Having consented to these provisions of the decree, the plaintiff in error can have no relief against the force of his own voluntary agreement. Whether the alimony is too high, . . . it is not now necessary for us to express an opinion. It was competent for the plaintiff in error to consent to such a decree and having done so, it must remain forever binding on him.''

In *Maginnis v. Maginnis,* 323 Ill. 113, the court said: ''Where the decree of divorce awards a sum in gross for or in lieu of alimony the decree will be regarded as final, and the gross sum, when paid, will operate as a discharge and satisfaction of all claim for future support by the wife, . . . but where the provision for alimony in the decree takes the form of a periodic allowance, section 18 of the Divorce Act . . . provides that 'the court may, . . . make such alterations in the allowance of alimony and maintenance, . . . as shall appear reasonable and proper.' ''

In *Smith v. Smith,* 334 Ill. 370, under the terms of a consent decree adjusting the property rights of the parties, it was provided that the husband on the en-

try of the decree was to pay the wife the sum of $3,000 in cash, to sign over to her a first mortgage for $6,500, and also to pay her the sum of $250 per month so long as she lived and remained unmarried. Four years later the wife filed a petition for modification of the decree, alleging among other things that she had been fraudulently induced to accept a smaller sum of alimony per month than she would have otherwise accepted. After a hearing the trial court entered a decree increasing the monthly payments from $250 to $400 per month. On appeal the Supreme Court said: "The decree for support and maintenance was a consent decree, and as such must be regarded as a contract between the parties to the suit. . . . While husband and wife may not enter into an agreement for divorce, yet the amount of alimony the husband shall pay to the wife, the terms of the payment and the length of time payment is to be made may be arranged between them by consent. When they agree upon alimony the court will embody the agreement in its decree, and it will thereafter conclude the parties. . . . The consent decree did not affect the question of divorce, which is beyond the power of the parties to adjust by agreement or collusion. As a contract it is binding on the parties unless induced by fraud. If so, it must, like any other contract, be attacked by some method recognized by courts of equity for relief from fraud. . . . It is presumed, and from the negotiations it is clear, the defendant would not have parted with the items composing the settlement if as compensation he was not assured that the gross payment and the trust agreement were in full settlement of all claims on her part for alimony. The parties did not rely upon the equity powers of the court for the adjustment of their marital rights so far as property was concerned. They did what they had a legal right to do—adjusted those rights by mutual agreement. Like any other agreement upon full con-

sideration, the parties are concluded by it in the absence of fraud, and that question is not open for consideration in this proceeding."

The only distinction I can perceive between the case before us and the foregoing cases is that the husband in this case was permitted, by the terms of the agreement and decree, to pay the gross or lump sum settlement in convenient instalments. This presents the question whether the otherwise final nature of the decree was changed by reason of the fact that the gross alimony awarded to the wife was made payable in instalments.

This precise question was passed upon in *McKey v. Willett*, 248 Ill. App. 602. In that case the divorced wife became a voluntary bankrupt and assigned to the trustee in bankruptcy $6,000 which was to become due to her from her former husband as alimony under the provisions of a decree entered by agreement in a divorce proceeding. The decree provided that the husband, in settlement of all claims the wife might have against him, pay to the wife certain payments including three $2,000 instalments, due one, two and three years respectively from the date of the decree, which were the payments involved in the bankruptcy proceeding. The trial court held that the assignment which the wife had made of these payments to the trustee in bankruptcy was void. On appeal the Appellate Court reversed the trial court, holding that the alimony though not yet due was alimony in gross and was vested and passed to the trustee under the assignment. The court there said at page 605: "There is a well-recognized distinction, under · decisions in Illinois and elsewhere regarding awards of alimony, between those 'in gross' and those where periodic payments (monthly, quarterly or yearly) are ordered made to the wife within the joint lives of the parties or until the wife remarries. . . . And it is the law that 'where a sum in gross is allowed, it may be

made payable in instalments.' (19 C. J. 261, 608; *Winemiller v. Winemiller,* 114 Ind. 540, 541; *Bassett v. Waters,* 103 Kan. 853, 855; *Smith v. Rogers,* 215 Ala. 581, 112 So. 190, 192.)''

The *McKey v. Willett* case was followed by the U. S. Circuit Court of Appeals (7th circuit) in another bankruptcy case, *In re Fiorio,* 128 F. (2d) 562, decided in 1942.

In both of such cases it was necessary for the court to determine that the decree in question was final and not subject to modification in order to conclude that a vested property right passed to the trustee.

Other courts of respectable authority have expressly held that an award of alimony in gross is not transmuted into an ordinary alimony decree because the decree permits the gross sum to be paid in instalments.

In *Jones v. Jones,* 216 Ky. 810, 288 S. W. 737, the court said: ''It will be observed that by the judgment the wife was allowed a lump sum by way of alimony. The fact that this lump sum was to be paid at the rate of $25 a month until satisfied did not make it any the less a permanent allowance for alimony. The wife being divorced from the bonds of matrimony, the allowance to her represented all interest she had in her husband's estate. It was not a mere allowance for support, it was an allowance in lieu of the interest she had in her husband's estate as his wife. If he, after the judgment, had become a millionaire, or if she had failed in health, or lost all the property she had at the time of the judgment, neither event would have affected the rights of the parties, for their rights were fixed by the final judgment entered pursuant to the mandate of this court. Whether she remained single or married again was immaterial.''

In *Smith v. Rogers,* 215 Ala. 581, 112 So. 190, it was held that an allowance in gross, without reservation of power to modify, became a vested right entitling the

wife, upon the husband's decease to recover the unpaid amount from his estate. The court said: "There is no escape from the conclusion that a decree for alimony in gross, if without reservation, becomes a vested right from the date of its rendition and survives the death of the husband. Differing from a mere periodic allowance for current and continuous support, it is intended to effect a final termination of the property rights and relations of the parties, and is an approximate appraisal of the present value of the wife's future support, and, in a measure, a compensation for her loss of inchoate property rights in her husband's homestead and other estate given to her by statute in case of her survival. . . . The decree, therefore, has the effect of a final judgment for the payment of money, and is as binding upon the estate of the husband as upon himself while living. The fact that the decree allows the award in gross to be paid in installments does not change its nature or effect. The decree in this case might have been for the present payment of the whole amount. The concession of payment in five installments was for the convenience and benefit of the husband. merely, and the chance circumstance of his death before all were paid cannot, in justice or reason, absolve him from the obligation to pay, through his personal representative, or through the judicial enforcement of the decretal lien fastened on his property, when and as the deferred payments became due. . . . We need not, and do not, consider what the rule would be where the decree is for periodic payments for an indefinite period, for the care and support of the wife."

In *Beard v. Beard*, 57 Neb. 754, 78 N. W. 255, wherein a lump sum in money had been allowed the divorced wife, payable in instalments, the court said: "The alimony awarded the wife in this divorce suit was a sum in gross, meant and intended by the court to be in lieu of her dower, homestead, and all her

other rights and claims against the property of her husband. It was, in effect, a decree awarding the wife a money judgment for her share of the common property of the husband and wife upon the dissolution of the marriage. . . . Such a judgment becomes a positive, final, and conclusive one, and cannot be changed or modified after the term at which it was rendered except for the causes and in the same man-. ner that other judgments may be modified.''

The appellee relies and the majority opinion is based principally on the cases of *Adler v. Adler,* 373 Ill. 361; *De La Cour v. De La Cour,* 363 Ill. 545; *Herrick v. Herrick,* 319 Ill. 146; *Welty v. Welty,* 195 Ill. 335; *Thompson v. Mentzer,* 216 Ill. App. 470; and *Miller v. Miller,* 317 Ill. App. 447.

In *Adler v. Adler,* 373 Ill. 361, the court did not pass upon the question of whether a final settlement in gross, as in the present case, is such a settlement as is beyond the power of the court to modify or change, for, on page 363 of the opinion the court said: ''The question presented is whether the provision in the supplemental instruments of December 1, 1922, and the decree of December 2, for the quarterly payment of $1150, was an allowance of alimony and subject to modification under section 18 of the Divorce Act, or was it a final settlement in gross, of all the interest of the parties arising out of the marital relation, and, therefore, beyond the power of the court to modify or change.'' In deciding this question the court said at page 371: ''Respondent urges it was a settlement in gross and therefore not subject to modification. The answer is that the number of quarterly payments petitioner would be required to make was uncertain for it was dependent upon the date of death of respondent, and not upon their total reaching a predetermined sum.'' While the court did not there expressly say what its position would have been if the amount had been for a definite lump sum, payable on

a definite date or dates as in the case before us, yet if there is any inference to be drawn from such language, I believe the inference is that a settlement in gross is not subject to modification.

In *De La Cour v. De La Cour,* 363 Ill. 545, the decree provided for the payment of the sum of $3,000 in monthly instalments of $50 each. No other portions of the decree are set out in the opinion and it is impossible to determine therefrom whether this sum was to be paid as a part of a final property settlement or not. Several months after the entry of the decree, the divorced husband filed in the same proceeding a petition asking that the trial court find that he had made all monthly payments up to a certain date, and asking that the divorced wife be restrained from interfering with his personal liberties. The trial court "entered an order that the divorce decree, to the extent it provided for payments of alimony in instalments, be satisfied of record, to and including the payment due on" a specified date, and enjoining the wife from interfering with the personal liberties of the husband. The Supreme Court affirmed such order of the trial court, holding that the trial court had continued jurisdiction under section 18. I do not consider this decision in point for the reason that the provision of the original decree for the payment of a lump sum, payable in monthly instalments, was not disturbed and was not attempted to be disturbed.

In *Herrick v. Herrick,* 319 Ill. 146, a property settlement agreement was incorporated in the decree, which, among other things, provided that the husband should pay the wife $300 per month during her lifetime for her support and maintenance. Eight years thereafter the husband filed a petition setting forth a change in circumstances and asking that the court modify the provision for alimony. The trial court granted this relief and the Supreme Court affirmed such action, holding that the trial court had continued jurisdiction

under section 18. It will be noted from a reading of the case that the question of the power of the court to modify a decree for a definite gross lump sum was not in issue and was not discussed. It will also be noted that the amount awarded was not for a definite lump sum, for, as said in the *Adler* case, "the number of . . . payments . . . was uncertain for it was dependent upon the date of the death of" the wife "and not upon their total reaching a predetermined sum."

In *Welty v. Welty*, 195 Ill. 335, the decree provided "That complainant, Catherine Welty, shall have the sole care, custody and education of their children, Robert, Matthew and Leslie Welty; that the defendant, Robert A. Welty, shall pay to the said Catherine Welty $25.00 on the first day of each month for a period of eight months, commencing June 1, A. D. 1899, and continue until the sum of $200.00 is paid, said sum to be in lieu of and in full for alimony and in full of all other claims of any kind or nature." The husband attempted to escape a contempt order by contending that this was an ordinary decree for the payment of money rather than a provision for the payment of alimony. The court found this contention to be without force stating that the "whole decree, when all of its parts are read together, is a decree for the payment of so much money for alimony, and shows upon its face that such sum of money was to be paid for the support of the appellee and for the care, custody and education of the children." By reason of the fact that the payments in the *Welty* case were to be used for the support of the children as well as that of the wife, the court would have had a continuing power to change this provision of the decree irrespective of the provisions of section 18.

In *Thompson v. Mentzer*, 216 Ill. App. 470, there was involved only the question of the payment of $30 per month during the life of the father of the wife,

and until a minor son of the parties should arrive at the age of 21 years. This was for an indefinite period or a period that could not be determined at the time of the entry of the decree, and the gross amount of such payments could not be, and were not, by the decree determined as being for any definite lump sum. The court said: "We think it clear that since the decree provided for monthly payments it cannot be said that the alimony was for a gross sum."

In *Miller v. Miller*, 317 Ill. App. 447, although it appeared that the parties had entered into an agreement regarding the question of "alimony and adjustment of property rights," which was incorporated in the decree, the opinion of the court does not show what property rights were actually involved in the settlement, or whether the wife released any property right, such as inchoate dower. The decree ordered the husband to make monthly payments of $175 per month for a specified time, and thereafter $150 per month for a specified time, $15 per week of such payments to be for the support of a minor child. The agreement provided that the payments between March 1940, and September 1943, were not to be affected or modified by the remarriage of the wife. The wife remarried on May 30, 1941, and on June 23 following, the husband filed a petition praying that the decree of divorce be modified so as to relieve him from further payments of alimony after his wife's remarriage. The Appellate Court held that section 18 of the Divorce Act applied and that the alimony awarded was not for a gross sum, saying that the decree provided that the payments were "for alimony and support," and saying, "we think it clear that this was not alimony awarded for a gross sum."

In the *Miller* case, there was no reference in the decree to "gross alimony" and the amount to be paid was not expressly set at a lump sum by the terms of the decree.

If the law in this State is that where a definite gross allowance of alimony is made payable in instalments, it is thereafter subject to modification because of the remarriage of the wife, then it would seem to follow that a wronged wife whose husband is unable to make immediate cash payment, cannot safely agree to have an extension of the time of payment of gross alimony incorporated in a decree, and such wife cannot get the same relief as a wife whose husband is able to pay cash, and that this is true whether such wronged wife thereafter remarries or remains single. Such a rule does not appear to me to be based on sound principles of law or equity. If such is the law, then it would also seem to follow that, regardless of the question of remarriage, any decree for gross alimony payable in future instalments, is subject to modification so that the wife may get more or the husband pay less because of changed conditions of either party. Undoubtedly a great many decrees have been entered in this State for gross alimony payable in instalments where payment in full has not yet been completed. If the majority ruling is the law it would also seem to follow that if the beneficiary under such a decree dies before payment is fully made then the unpaid balance will not be an asset of the estate of such beneficiary and the husband will be relieved from further payment under said section 18. I do not believe that the legislature intended any such results by the use of any of the language used in section 18. When the literal enforcement of a statute will result in great injustice and lead to consequences which the legislature could not have contemplated, the courts are bound to presume that such consequences were not intended and adopt a construction that it may be reasonable to presume was contemplated by the legislature. (*Hoyne v. Danisch,* 264 Ill. 467, 484.)

It is my conclusion that the proviso to section 18 of the Divorce Act was not intended to and does not

apply to a definite lump sum allowance of alimony made as part of a property settlement agreement incorporated in the decree; that this is true whether the money is payable on the entry of the decree or in future instalments for the convenience of the parties; and that the legislature meant only that a divorced wife after her remarriage should not be entitled to receive mere periodic payments of alimony which would otherwise accrue after such remarriage. In this case, in my judgment, no part of the $4,500 liability accrued after the entry of such decree, but the obligation to pay such sum of $4,500 became a debt accruing to the wife immediately on the entry of the decree, although payable in future instalments, and in my opinion this sum was not, nor was any part of it, alimony as that term is used in section 18.